J-A25030-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KATHLEEN HAYDU | : | |
| | : | |
| Appellant | : | No. 3733 EDA 2017 |

Appeal from the Judgment of Sentence October 20, 2017
In the Court of Common Pleas of Bucks County
Criminal Division at No(s):  CP-09-SA-0000195-2017


BEFORE:  PANELLA, J., DUBOW, J., and KUNSELMAN, J.

MEMORANDUM BY PANELLA, J.:                    **FILED MAY 06, 2019**

Kathleen Haydu appeals from the judgment of sentence entered in the Bucks County Court of Common Pleas following her guilty plea to the summary offense of driving while operating privilege is suspended or revoked for driving under the influence ("DUI").[1] The trial court concluded Haydu waived all issues on appeal based, in part, on her failure to preserve the issues in her *pro se* Rule 1925(b) statement. Because the trial court considered Haydu's *pro se* Rule 1925(b) statement while she was still represented by counsel, we remand this matter for the consideration of Haydu's counseled Rule 1925(b) statement and a new Rule 1925(a) opinion.

On March 4, 2016, Haydu was cited for driving while operating privilege is suspended or revoked for DUI. After filing a summary appeal, Haydu

_____

[1] 75 Pa.C.S.A. § 1543(b)(1)(i).

obtained the representation of the public defender's office. Ultimately, she entered a guilty plea on October 20, 2017 in exchange for 60 days' imprisonment to be served concurrently to an identical conviction at CP-09-SA-0000058-2017. Despite still being represented by plea counsel, Haydu timely filed a *pro se* notice of appeal.[2] On December 1, 2017, the trial court ordered Haydu to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). This order was not served on plea counsel or the public defender's office. Haydu sent the trial court a *pro se* Rule 1925(b) statement.[3]

On January 2, 2018, the trial court filed an opinion pursuant to Pa.R.A.P. 1925(a). The trial court determined that Haydu failed to serve her notice of appeal on the trial court, order transcripts, or preserve any issues in her *pro se* Rule 1925(b) statement. It therefore concluded that all of her appellate issues were waived. **See** Trial Court Opinion, 1/2/18, at 4-7. This Court dismissed Haydu's appeal following her failure to file an appellate brief.

However, in April of 2018, this Court *sua sponte* reinstated Haydu's appeal after discovering she had been represented by counsel at her guilty

---

[2] The clerk of courts forwarded Haydu's *pro se* notice of appeal to the public defender's office on November 30, 2017.

[3] Haydu's *pro se* Rule 1925(b) statement was actually a letter sent by Haydu to the trial court. However, the trial court considered Haydu's letter to be her attempt to comply with Pa.R.A.P. 1925(b). **See** Trial Court Opinion, 1/2/18, at 1. Therefore, we shall refer to this letter as such.

plea. Counsel filed a motion for transcripts and an amended Rule 1925(b) statement. Further, counsel filed an appellate brief with this Court.

Prior to reaching the merits of the instant appeal, we are compelled to note the array of procedural defects inherent within. Rule 120(A)(4) of our Rules of Criminal Procedure provides that "[a]n attorney who has been retained or appointed by the court shall continue such representation through direct appeal or until granted leave to withdraw by the court…" Pa.R.Crim.P. 120(A)(4). Well-established Pennsylvania law provides that a defendant is not entitled to file documents *pro se* while represented by counsel. *See Commonwealth v. Ellis*, 626 A.2d 1137, 1141 (Pa. 1993) (defendant does not have the constitutional right to self-representation as well as counseled representation at the trial or appellate level). Therefore, we generally treat *pro se* filings while an appellant remains represented as legal nullities. *See Commonwealth v. Ali*, 10 A.3d 282, 293 (Pa. 2010) (reiterating that hybrid representation is not permitted).

Instantly, the record reflects that the public defender's office represented Haydu at the time of her guilty plea. There is no indication that the public defender's office was permitted to withdraw representation following the plea, or that Haydu requested to proceed *pro se*. As Pennsylvania does not permit hybrid representation, it was improper for Haydu to file a *pro se* notice of appeal and a *pro se* Rule 1925(b) statement. Further, the trial court erred by serving the order directing compliance with Rule 1925(b) on Haydu while she was still represented by counsel.

Despite the errors noted above, we decline to quash the appeal. Because an appellant has the right of appeal under Article 5, section 9 of the Pennsylvania Constitution, we are required to address *pro se* notices of appeal filed while an appellant is represented by counsel. **See Commonwealth v. Williams**, 151 A.3d 621, 624 (Pa. Super. 2016). However, because Haydu was still represented by counsel at the time she filed her *pro se* Rule 1925(b) statement, this *pro se* filing was a legal nullity.[4] **See Ali**, 10 A.3d at 293. Accordingly, we are constrained to remand this case and its record to the trial court for consideration of Haydu's counseled Rule 1925(b) statement.[5] We direct the trial court to file a Rule 1925(a) opinion addressing the issues raised in Haydu's counseled Rule 1925(b) statement within 30 days of the date of this memorandum. **See Commonwealth v. DeJesus**, 868 A.2d 379, 381

---

[4] Even if this letter were not a nullity, Haydu's *pro se* Rule 1925(b) statement consists of rambling asides and is largely unintelligible; therefore, it does not comply with Rule 1925(b)'s mandate. **See Commonwealth v. Hansley**, 24 A.3d 410, 415 (Pa. Super. 2011) (stating "the Rule 1925(b) statement must be 'specific enough for the trial court to identify and address the issue [an appellant] wishe[s] to raise on appeal[]' ")(citation omitted). Further, this statement was not file stamped with the court of clerks, but was sent directly to the trial judge. Our Supreme Court has held that this is not sufficient to comply with Rule 1925(b). **See Commonwealth v. Butler**, 812 A.2d 631, 634 (Pa. 2002) (stating, "Rule 1925 is not satisfied when an appellant merely mails his Rule 1925(b) statement to the presiding judge[]").

[5] When counsel has filed an untimely Rule 1925(b) statement and the trial court has addressed the issues within, we are not required to remand and may address the merits of the issues presented. **See Commonwealth v. Burton**, 973 A.2d 428, 433 (Pa. Super. 2009). However, the trial court did not address Haydu's counseled issue on appeal in its Rule 1925(a) statement, as Haydu did not file her counseled Rule 1925(b) statement until months later.

(Pa. 2005) (holding trial court's failure to discuss appellant's claims required remand for issuance of an adequate opinion in accordance with Pa.R.A.P. 1925(a)). Upon return of the record to this Court, we direct our Prothonotary to establish a new briefing schedule.

Case remanded for further proceedings consistent with this decision. Rule 1925 opinion to be filed within 30 days of the date of this memorandum.

Jurisdiction retained.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/6/19