J-A08042-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT WAYNE PASSMORE JR. | : | |
| | : | |
| Appellant | : | No. 895 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 14, 2021
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000698-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. PASSMORE, JR. | : | |
| | : | |
| Appellant | : | No. 896 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 14, 2021
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0000867-2020

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| ROBERT W. PASSMORE, JR. | : | |
| | : | |
| Appellant | : | No. 897 WDA 2021 |

Appeal from the Judgment of Sentence Entered June 14, 2021
In the Court of Common Pleas of Clearfield County Criminal Division at
No(s):  CP-17-CR-0001378-2020

J-A08042-22

BEFORE:   BENDER, P.J.E., LAZARUS, J., and McCAFFERY, J.

MEMORANDUM BY McCAFFERY, J.:                    **FILED:  June 24, 2022**

Consistent with this panel's prior memorandum of April 5, 2022, Jendi Schwab, Esquire (Counsel), counsel for Robert Wayne Passmore, Jr. (Appellant), has filed an amended ***Anders*** brief and petition to withdraw from representation.[1]  We now address the merits of Appellant's appeal from the judgments of sentence entered across three trial dockets in the Clearfield County Court of Common Pleas, following his guilty pleas to terroristic threats, criminal trespass,[2] and related offenses.  We affirm the judgments of sentence and grant Counsel's petition to withdraw.

## I.  Procedural History

Preliminarily, we note the trial court did not issue any Pa.R.A.P. 1925(a) opinion in this matter.[3]  Appellant was charged across three dockets for

_____

[1] ***See Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).  The Commonwealth has not filed an appellee's brief.

[2] 18 Pa.C.S. §§ 2706(a)(1), (3), 3503(a)(1)(i).

[3] Pa.R.A.P. 1925(a)(1) provides:

> [I]f the reasons for the order do not already appear of record, [the trial court] shall . . . file of record at least a brief opinion of the reasons for the order, or for the rulings or other errors complained of, or shall specify in writing the place in the record where such reasons may be found.

*(Footnote Continued Next Page)*

- 2 -

separate incidents spanning a four-month period. On June 14, 2021, Appellant appeared with present counsel, an assistant Public Defender, for a combined negotiated plea and sentencing hearing. The parties agreed to a recommended aggregate minimum sentence of 16 months' incarceration, with the trial court to determine the maximum sentence. N.T. Sentencing, 6/14/21, at 3. Counsel argued for a maximum sentence of three or four years. *Id.* at 8. Meanwhile, the county probation office's pre-sentencing investigation report (PSI) recommended a maximum sentence of five years. *See id.* at 8; *Anders* Brief at 11. We now review the facts at each docket in detail.

At CP-17-CR-0000698-2020 (Docket 698), the Commonwealth alleged that on July 8, 2020, Appellant: was standing on the roadway in Knox Township, Clearfield County; appeared to be intoxicated; and pointed what appeared to be a handgun at vehicles. Affidavit of Probable Cause, Exh. to Criminal Complaint, Docket 698, 7/16/20. When Pennsylvania State Troopers arrived, Appellant did not comply with their verbal commands. He also waved,

---

Pa.R.A.P. 1925(a)(1). *See also Commonwealth v. DeJesus*, 868 A.2d 379, 383 (Pa. 2005) (purpose of Pa.R.A.P. 1925(a) is to facilitate appellate review of a particular trial court order, and provide the parties and the public the legal basis for a judicial decision). However, we reiterate that in this case, Counsel responded to the trial court's Rule 1925(b) order by filing a statement of intent to file an *Anders* brief.

and then threw toward them, the object appearing to be a handgun. *Id.* "The believed handgun was recovered and [found to be] a folding knife[.]" *Id.*

For this incident, Appellant pleaded guilty, and was sentenced, to: (1) terroristic threats,[4] a misdemeanor of the first degree (M1) — eight months to five years' imprisonment; (2) two counts of recklessly endangering another person (REAP),[5] misdemeanors of the second degree (M2) — two terms of eight months to two years, to run concurrent with the first sentence; and (3) the summary offenses of public drunkenness and obstructing highways[6] — $1 fines plus costs.

At the second docket, CP-17-CR-0000867-2020 (Docket 867), the Commonwealth alleged that on August 12, 2020, Appellant, who was "recently discharged" from the hospital, kicked open the door to a residence and entered the home. Affidavit of Probable Cause, Exh. to Criminal Complaint, Docket 867, 8/21/20. He had no connection to the home or the tenant. *Id.* Appellant pleaded guilty to, and received sentences of: (1) criminal trespass, a felony of the third degree (F3) — eight months to five years' imprisonment, to be

---

[4] 18 Pa.C.S. § 2706(a)(3).

[5] 18 Pa.C.S. § 2705.

[6] 18 Pa.C.S. §§ 5505, 5507(a).

served consecutive to the above sentences; and (2) the summary offenses of public drunkenness and criminal mischief[7] — $1 fines plus costs.

Finally, at docket CP-17-CR-0001378-2020 (Docket 1378), the Commonwealth alleged that while Appellant was an inmate at Clearfield County Jail on November 3, 2020, he refused to comply with corrections officers' commands. Affidavit of Probable Cause, Exh. to Criminal Complaint, Docket 1378, 12/21/20. Appellant was "yelling[,] causing a scene," and becoming "aggressive." *Id.* An officer "deployed OC gel," and Appellant hit the officer in the nose with a closed fist. *Id.* Appellant also "made several threats about finding [the officer] on the streets[.]" *Id.* Appellant pleaded guilty to: (1) terroristic threats, an M1; and (2) simple assault,[8] an M2. The trial court imposed terms of five months to two years' imprisonment for each offense, to run concurrently with the above sentences.

In sum, with respect to the aggregate **minimum** sentence, the trial court imposed the parties' agreed-upon term of 16 months' imprisonment. However, the aggregate **maximum** sentence was 10 years, twice the recommended five years' term in the PSI, and more than Appellant's requested three or four-year maximum term. We further note the trial court imposed the statutory maximum sentences for one terroristic threats (M1)

---

[7] 18 Pa.C.S. § 3304(a).

[8] 18 Pa.C.S. § 2701(a)(1).

count, both REAP (M2) counts, and simple assault (M2).[9]  However, the court did not impose the statutory maximum for the remaining count of terroristic threats (M1) nor criminal trespass (F3).[10]

Appellant filed counseled, timely, virtually identical post-sentence motions at all three dockets, which requested shorter maximum sentences. The trial court conducted a brief hearing on July 12, 2021, denying relief.[11] On July 16th, the trial court issued three separate orders denying Appellant's motions, concluding the maximum sentences were "fit and appropriate given all circumstances."[12]  *See* Order, Docket 698, 7/16/21; Order, Docket 867, 7/16/21; Order, Docket 1378, 7/16/21.

---

[9] *See* 18 Pa.C.S. § 1104(1) (maximum sentence for an M1 is five years' imprisonment), 1104(2) (M2 — two years' imprisonment).

[10] *See* 18 Pa.C.S. § 1103(3) (maximum sentence for an F3 is seven years' imprisonment).

[11] Appellant did not appear at this post-sentence hearing, although Counsel was present.

[12] As the trial court issued three separate orders, **Walker** is not implicated. **See Commonwealth v. Walker**, 185 A.3d 969, 971 (Pa. 2018) ("[W]here a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case."), *overruled in part*, **Commonwealth v. Young**, 265 A.3d 462, 477 (Pa. Dec. 22, 2021) (reaffirming that Pa.R.A.P. 341 requires separate notices of appeal when single order resolves issues under more than one docket, but holding Pa.R.A.P. 902 permits appellate court to consider appellant's request to remediate error when notice of appeal is timely filed).  In any event, as we state *infra*, Appellant properly filed three separate notices of appeal.

Appellant timely filed three separate notices of appeal. In *lieu* of Pa.R.A.P. 1925(b) statements of errors complained of on appeal, Counsel filed a statement of intent to file an **Anders** petition. **See** Pa.R.A.P. 1925(c)(4).

This panel reviewed Counsel's initial **Anders** petition and brief and observed Counsel had not requested transcription of the plea or sentencing hearing, the trial court had not filed an opinion, and the Commonwealth did not file a brief. Accordingly, on April 5, 2022, this panel directed Counsel to obtain the missing notes of testimony and then either file a proper **Anders** petition and brief or advisement of intent to file an advocate's brief. Counsel has filed an amended **Anders** petition and brief, as well as copies of the plea/sentencing and post-sentencing hearing transcripts. As stated above, the Commonwealth has not responded.

## II. *Anders* Petition to Withdraw & Brief

"This Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues[.]" **Commonwealth v. Orellana**, 86 A.3d 877, 879 (Pa. Super. 2014). To withdraw pursuant to **Anders**, counsel must:

> (1) petition the court for leave to withdraw stating that after making a conscientious examination of the record and interviewing the defendant, counsel has determined the appeal would be frivolous, (2) file a brief referring to any issues in the record of arguable merit, and (3) furnish a copy of the brief to defendant and advise him of his right to retain new counsel or to raise any additional points that he deems worthy of the court's attention. . . .

*Commonwealth v. Burwell*, 42 A.3d 1077, 1083 (Pa. Super. 2012) (citation omitted). In addition, pursuant to *Santiago*, counsel's brief must:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>
> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Commonwealth v. Schmidt*, 165 A.3d 1002, 1006 (Pa. Super. 2017), *quoting Santiago*, 978 A.2d at 361. If this Court determines that counsel has satisfied the technical requirements of *Anders* and *Santiago*, we then conduct an independent review of the record to discern if there are non-frivolous issues. *Schmidt*, 165 A.3d at 1006 (citation omitted).

Here, Counsel's petition to withdraw averred they: (1) "conducted a thorough review . . . of the record[,] found no merit in any . . . potential issues," and believe "the appeal is frivolous;" and (2) advised Appellant of his right to retain new counsel and raise any additional points. Counsel's Petition to Withdraw as Counsel, 5/11/22, at 1-2. Counsel attached a copy of a letter sent to Appellant, which advised of their conclusion that Appellant's issues would have no merit, and that Appellant had a right to retain private counsel or proceed *pro se*. Appellant has not filed any response, *pro se* or counseled.

In the amended **Anders** brief, Counsel presents two sentencing issues (discussed **infra**), with discussion of relevant authority, and explains why they believe the issues or the appeal are wholly frivolous. **Anders** Brief at 14-21.

We determine Counsel has complied with the technical requirements of **Anders** and **Santiago**, and thus now independently review whether Appellant's sentencing issues are frivolous, and whether there are any non-frivolous appellate issues. **See Schmidt**, 165 A.3d at 1006.

### III. Appellant's Sentencing Issues

First, Counsel raises Appellant's desired claims that his aggregate maximum sentence of ten years violated the terms of the plea agreement. We note:

> "In determining whether a particular plea agreement has been breached, we look to 'what the parties to this plea agreement reasonably understood to be the terms of the agreement.'" Such a determination is made "based on the totality of the surrounding circumstances," and "[a]ny ambiguities in the terms of the plea agreement will be construed against the [Commonwealth]."

**Commonwealth v. Hainesworth**, 82 A.3d 444, 447 (Pa. Super. 2013) (*en banc*) (citations omitted).

Here, Counsel points out that the written plea colloquy, signed by Appellant, specified, "[Appellant] to receive a minimum period of 16 months incarceration. Maximum to the Court. . . ." **Anders** Brief at 14, *quoting* Negotiated Plea Agreement & Guilty Plea Colloquy, 5/6/21, at 2 (some capitalization removed). At the combined plea and sentencing hearing, the Commonwealth confirmed this agreement: "The plea calls for a minimum

- 9 -

period of 16 months' incarceration, with the maximum and all other terms to the Court." N.T., 6/14/21, at 3. Furthermore, the written plea colloquy set forth the maximum sentences of each charge, and in the oral plea colloquy at the plea hearing, Appellant affirmed that he understood "the maximum possible sentence . . . that may be imposed, as . . . set forth on the first page of the plea agreement." *See* N.T., 6/14/21, at 6. Accordingly, the record does not support a claim that the parties agreed to any maximum term in their plea deal, and we agree with Counsel that this claim is frivolous. *See* *Hainesworth*, 82 A.3d at 447; *Anders* Brief at 15.

Next, Counsel presents Appellant's desired claim that his maximum sentences exceeded the legal and statutory maximum limits. "When a trial court imposes a sentence outside of the legal parameters prescribed by the applicable statute, the sentence is illegal and should be remanded for correction." *Commonwealth v. Foster*, 960 A.2d 160, 165 (Pa. Super. 2008) (citation omitted).

Counsel explains the aggregate maximum sentence, 10 years, that Appellant received is comprised of: (1) five years' imprisonment, for terroristic threats (M1) at Docket 698; and (2) a consecutive five years, for trespass (F3) at Docket 867. These two sentences were within the statutory maximums of, respectively, five years and seven years, for an M1 and F3. *See* 18 Pa.C.S. § 106(b)(4), (6); *Anders* Brief at 15-16. We agree with this analysis, and thus likewise agree that any illegal sentence claim on this basis is frivolous.

- 10 -

## IV. Independent Review of Record

Having determined that Counsel has satisfied the technical requirements of **Anders** and **Santiago**, we now conduct an independent review of the record to discern if there are non-frivolous issues. **See Schmidt**, 165 A.3d at 1006 (citation omitted). We conclude there are none.

This Court has explained: "Generally, 'upon entry of a guilty plea, a defendant waives all claims and defenses other than those sounding in the jurisdiction of the court, the validity of the plea, and what has been termed the 'legality' of the sentence imposed[.]'" **Commonwealth v. Jabbie**, 200 A.3d 500, 505 (Pa. Super. 2018) (citation omitted). We have "established six topics that must be covered by a valid plea colloquy: '1) the nature of the charges, 2) the factual basis for the plea, 3) the right to a jury trial, 4) the presumption of innocence, 5) the sentencing ranges, and 6) the plea court's power to deviate from any recommended sentence.'" **Id.** at 506, *citing*, *inter alia*, Pa.R.Crim.P. 590, *cmt*.

We have addressed Appellant's sentencing claims above. With respect to the validity of the plea, we observe Appellant completed separate written plea colloquys at each docket. In each one, he indicated he understood each of the six topics listed above. **See Jabbie**, 200 A.3d at 505. Appellant orally affirmed the same at the plea and sentencing hearing. **See** N.T., 6/14/21, at 5-7. Appellant also agreed that he understood the terms of the plea agreement, the permissible ranges of sentences, and the maximum possible

sentences. *Id.* at 6. Accordingly, we would determine his pleas were validly entered. *See Jabbie*, 200 A.3d 505.

## V. Conclusion

In sum, we agree with Counsel that Appellant's two desired sentencing issues are frivolous, and conclude the record reveals no other potential, non-frivolous issue for appeal. Accordingly, we grant Counsel's petition to withdraw from representation and affirm Appellant's judgment of sentence.

Judgments of sentence affirmed. Counsel's petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/24/2022