J-S30025-20

2020 PA Super 273

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| NATHANIAL RAY PRICE | : | No. 1734 WDA 2019 |

Appeal from the Order Entered October 15, 2019
In the Court of Common Pleas of Indiana County Criminal Division at
No(s): CP-32-CR-0001267-2016

BEFORE:   MURRAY, J., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

OPINION BY McLAUGHLIN, J.:                    FILED NOVEMBER 20, 2020

The Commonwealth appeals from the order granting in part Nathanial Ray Price's motion to suppress. It maintains that the trial court erred in suppressing Price's cell phone records. We reverse.

Price was arrested and charged in October 2016 in connection with a double homicide. State police seized Price's cell phone, which he had with him at the time of his arrest, and they applied for a warrant for Price's phone records. The warrant application included an affidavit from an officer involved in the investigation. The affidavit stated in its entirety:

> I, Tpr. John D. McCombie III, the affiant in this investigation, have been a sworn member of the Pennsylvania State Police for over 13 years and am currently assigned to the Troop A Indiana Station, Criminal Investigation unit as a criminal investigator. I was assigned

_____

[*] Former Justice specially assigned to the Superior Court.

to investigate a Criminal Homicide Incident, on the morning of 10/27/16.

On 10/27/16 at approx. 0040hrs the PA State Police Patrol Unit from the Indiana Barracks was dispatched to report a disturbance at 903 Hillside Drive in Cherry Hill Twp. Indiana Co. Upon arrival, Patrol Troopers immediately saw a male laying in the downstairs area. It was obvious that he was deceased. Upon clearing the residence for any further threats or suspect(s) Troopers found a female laying in an upstairs bedroom. She was obviously deceased. The scene was secured and a supervisor and Criminal Investigators were called to the scene per PSP regulations.

During the course of the investigation, 3 suspects were identified and taken into custody. Isaiah Treyvon RUSSELL-SCOTT, Nathaniel Ray PRICE and Justin Tyler STEVENSON were those individuals. Isaiah Treyvon RUSSELL-SCOTT, and Nathaniel Ray PRICE were both found to be in possession of cellular phones. Through the course of the investigation, specifically suspect interviews, investigators learned PRICE's phone number to be 724-762-3803 and he used a cellular phone to communicate with Isaiah Treyvon RUSSELL-SCOTT prior to the Criminal Homicides.

Nathaniel Ray PRICE was found to be in possession of a Samsung Galaxy cellular phone, which he declared as his own. Said phone is logged into evidence under A03-23981K.

A search warrant pertaining to phone number 724-762-3803 was served on Cellco Partnership d/b/a Verizon Wireless on 10/28/16. This search warrant confirmed that cellular communication devices were used prior to and after the Criminal Homicides.

Based on my training and experience, I believe there is valuable information to be obtained in Samsung Galaxy cellular phone which Nathanial Ray PRICE possessed. This information will aid in this Criminal Homicide Investigation, specifically, text messaging data, instant messaging data, contact information, image files, video files, location services data, GPS data, transactional and administrative information, settings, subscriber information, application ("app") data, IMEI data and any other data relating to suspect location information, call lists, networks joined, list of networks joined.

> Based upon the information above I request that a search warrant be issued for the date from the aforementioned phone.

Application for Search Warrant and Application, dated 5/19/17 at 2 (Affidavit of Probable Cause). The court granted the warrant.

Price filed a motion to suppress various items of evidence, which the trial court granted in part and denied in part. Relevant here, the court suppressed the phone records on the ground that the affidavit of probable cause did not establish probable cause. See Opinion and Order of the Court, filed 10/15/19, at 29-30. The suppression court concluded that the affidavit did not establish a probability that the phone number for which the police sought records was connected to the phone that was seized, or that the phone records probably contained evidence of a crime. The judge who granted the motion was also the judge who granted the warrant. This timely appeal followed.

The Commonwealth presents the following issues for our review:

I.  Did the lower court err in ruling that a warrant for [Price's] cell phone service provider records lacked probable cause, where the same court had previously found probable cause; it was not necessary to explain how the police knew the phone number; [Price] had no expectation of privacy in the number; and he could have communicated with his accomplices using his cell phone?

II. Did the lower court err in suppressing cell phone service records where information possessed at the time the allegedly-deficient warrant was issued establishes probable cause, there was no police misconduct, and recovery of the still-available records is inevitable?

Commonwealth's Br. at 3.

On review of the Commonwealth's appeal from an order granting suppression, we consider only the evidence from the defendant's witnesses together with the evidence of the prosecution that, when read in the context of the entire record, remains uncontradicted. Commonwealth v. Vetter, 149 A.3d 71, 75 (Pa.Super. 2016). The suppression court's findings of fact bind us if the record supports those findings. Id. However, its conclusions of law are not binding, and we conduct de novo review to determine if the suppression court properly applied the law to the facts. Id.

The Commonwealth first argues that the trial court's granting of Price's suppression motion violated the law of the case doctrine. This claim is meritless. See Commonwealth's Br. at 13-14.

The law of the case doctrine "refers to a family of rules which embody the concept that a court involved in the later phases of a litigated matter should not reopen questions decided by another judge of that same court or by a higher court in the earlier phases of the matter[.]" Commonwealth v. Gacobano, 65 A.3d 416, 419 (Pa.Super. 2013) (quoting Commonwealth v. McCandless, 880 A.2d 1262, 1267 (Pa.Super. 2005)). However, a trial judge may always revisit the judge's own pre-trial rulings. The law of the case doctrine by its terms only prevents a second judge from revisiting in the same case the decision of an appellate court or another judge of coordinate jurisdiction. Commonwealth v. Starr, 664 A.2d 1326, 1331 (Pa. 1995).

Here, the judge who granted suppression was the same judge who initially issued the search warrant. This is not a case in which a second judge revisited a decision of an appellate court or another judge of coordinate jurisdiction. See id. The court did not err in ruling on the motion to suppress.

The Commonwealth next argues that the search warrant was supported by probable cause, and even if it was not, the trial court should have denied suppression based on the doctrine of inevitable discovery.[1] See Commonwealth's Br. at 17-18. The Commonwealth maintains that it had information in its possession when it applied for the warrant for the cell phone records, but that it omitted from the affidavit, that would have enabled it to obtain his cell phone records through a subsequent warrant application. The information included that Price "had used his cell phone to communicate with Scott before the homicides, and that the police learned his cell phone number by interviewing the suspects." Id. at 19.

Here, even if the warrant application did not establish probable cause, the evidence was nonetheless admissible under the doctrine of inevitable discovery. The doctrine allows into evidence materials the police obtained improperly if they would have inevitably discovered the evidence by lawful means. See Commonwealth v. Fulton, 179 A.3d 475, 489-90 (Pa. 2018). If police misconduct enabled the police to obtain evidence improperly, the doctrine permits the admission of the evidence only if the police who would

_____

[1] We disagree with Price that the Commonwealth waived this issue. It is a subsidiary issue of its probable cause issue. See Pa.R.A.P. 1925(b)(4)(v).

have inevitably discovered the evidence were "truly independent" of the officers who committed the misconduct. Commonwealth v. Perel, 107 A.3d 185, 195 (Pa.Super. 2014).

In this case, there is no evidence that the omission of the additional information establishing probable cause from the warrant application resulted from police misconduct. The only question is whether the police would have inevitably discovered the evidence by lawful means. We conclude the Commonwealth has carried its burden to establish that they would have done so. Police here left out of the affidavit of probable cause information that they had in their possession at the time, and that would have enabled them to obtain a proper, second warrant. See Commonwealth v. Henderson, 47 A.3d 797, 799 (Pa. 2012). We therefore reverse the suppression order.

Order reversed. Case remanded. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2020