**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

**BAER, C.J., TODD, DONOHUE, DOUGHERTY, WECHT, MUNDY, BROBSON, JJ.**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 18 WAP 2021 |
| | : | |
| Appellee | : | Appeal from the Order of the |
| | : | Superior Court entered November |
| | : | 20, 2020 at No. 1734 WDA 2019, |
| v. | : | reversing the Order of the Indiana |
| | : | County Court of Common Pleas |
| | : | entered October 15, 2019 at No. |
| NATHANIAL RAY PRICE, | : | CP-32-CR-0001267-2016, and |
| | : | remanding. |
| Appellant | : | |
| | : | ARGUED:  April 13, 2022 |

**OPINION**

**JUSTICE DONOHUE**                                    **DECIDED:  OCTOBER 19, 2022**

We granted allocatur review in this case to determine whether the Commonwealth waived reliance on the doctrine of inevitable discovery where its Concise Statement of Matters Complained of on Appeal filed pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure asserted only that the trial court erred in granting a motion to suppress filed by Appellant Nathanial Ray Price ("Price") because the affidavit of probable cause at issue failed to assert probable cause sufficient for the issuance of a warrant.  In particular, we must address whether, under these circumstances, the doctrine of inevitable discovery constitutes a "subsidiary issue" to the issue of the sufficiency of probable cause under Pa.R.A.P. 1925(b)(4)(v) and was thus not waived by operation of

Pa.R.A.P. 1925(b)(4)(vii). Concluding that it was not a subsidiary issue and thus not preserved for review by the Superior Court, we vacate that court's order.

**Factual and Procedural Background**

On October 26, 2016, Price and two others, Justin Stevenson and Isiah Scott, allegedly conspired to commit a double murder and robbery. On October 28, 2016, the Commonwealth filed an Application for Search Warrant (the "Application") directed to "Celico Partnership d/b/a Verizon Wireless" seeking "[a]ny and all phone records for phone number/s 724-762-3803 from the time period 10/25/16 through and including 10/28/16." Omnibus Pretrial Motion for Relief, 9/1/2017, Exhibit D. The Affidavit of Probable Cause (the "Affidavit") in support of the Application read as follows:

> Your affiant is Cpl John FISANICH. I am currently employed by the PA State Police as Supervisor in the Troop "A" Criminal Investigations Unit. I was so employed when this investigation was conducted.
>
> On 10/27/16 at approximately 0040 hours, the PA State Police Patrol Unit was dispatched to a reported disturbance at 903 Hillside Drive In Cherry Hill Twp., Indiana County. Upon arrival, Patrol Troopers immediately saw a male lying In the downstairs area. He was clearly deceased. Upon clearing the residence for any further threats or suspects, Troopers found a female lying in an upstairs bedroom. She was also clearly deceased. The scene was secured and a supervisor and Criminal Investigators were tailed to the scene, as per PSP regulations.
>
> As the investigation progressed through the day, several suspects were Identified. One suspect is identified as Nathanial Ray PRICE w/n/m DOB (3/21/98). **Investigators learned his phone number, and he was later taken into custody. The phone number listed on this Search Warrant Application is 724-762-3803 and is the number that is associated to Nathaniel PRICE.**
>
> Based on my training and experience, I believe that there Is valuable information regarding the act of Criminal Homicide to be gleaned from the cellular phone records associated with the

aforementioned number. I ask that this search be granted to further this investigation.

*Id.* (emphasis added).

The trial court, per the Honorable Thomas M. Bianco, issued the search warrant, which was then served on Verizon Wireless, and the responsive phone records were subsequently obtained. In his Omnibus Pretrial Motion for Relief filed on September 1, 2017, Price moved to suppress the phone records on the ground that the Affidavit failed to state probable cause. Omnibus Pretrial Motion for Relief, 9/1/2017, ¶ 34. In particular, Price argued that the Affidavit failed to include any factual averments that linked the identified phone number to the phone retrieved from Price after the crime. As the bolded language above reflects, the Affidavit states only that "investigators learned his phone number" but provides no indication as to how they obtained this information or in any respect confirmed its accuracy.

In his opinion deciding the claims raised in the Omnibus Pretrial Motion, Judge Bianco granted the motion to suppress the phone records, ruling as follows:

> Defendant argues that the Affidavit did not provide probable cause for the issuance of the Search Warrant because it "failed to link the 'Samsung Galaxy cellular phone', stated to be in Mr. Price's possession, but without specifying a date, time, and place when so found, with the telephone number '724-762-3803' stated to be that of Mr. Price... ." The Court agrees.
>
> The two operative phrases in the Affidavit that attempt to link Price to the phone number are "Investigators learned his phone number," and "724-762-3803 ... is the number that is associated with Nathanial PRICE." These phrases are completely devoid of any foundation or explanation of how the investigators determined that 724-762-3803 was the cell phone number associated with Price's cell phone.[4] Therefore, looking at the "totality of the circumstances," and reviewing the Affidavit in a "common-sense, nontechnical manner," *see Commonwealth v. Jones*, 542 Pa. 418, 668 A.2d 114, 117 (1995), this Court finds

that the Affidavit "did not provide the issuing authority[5] with a substantial basis to conclude that probable cause existed" to search the phone records of 724-762-3803. *See Commonwealth v. Torres*, 564 Pa. 86, 764 A.2d 532 (2001).

WHEREFORE, Defendant's Motion to Suppress regarding the Search Warrant dated 10/28/2016 at 1:15 P.M. for the phone records for phone number 724-762-3803 is GRANTED. Any and all evidence seized pursuant to said Search Warrant is suppressed.

> [4] The Court acknowledges that the Court rejected a similar argument by Defendant with regard to Defendant's residence. The Court finds a distinction between stating that Defendant's residence is 6910 Route 286 Highway East, Indiana, PA, and stating that Defendant's cell phone number is 724-762-3803, in that it would be impossible for the affiant to know Defendant's cell phone number without receiving that information from another source. In comparison, Defendant was taken into custody at his residence, therefore, the address of that residence is within the knowledge of the affiant without the necessity of information from a third party.
>
> [5] This Court is well aware that it was the issuing authority of the Search Warrant at issue. Despite this fact, the Court believes that it is appropriate to review its prior decision in light of the Suppression Motion filed, and render the decision required by Pennsylvania jurisprudence.

Opinion and Order of Court, 10/15/2019, at 29-30.

Pursuant to Pa.R.A.P. 311(d),[1] the Commonwealth appealed Judge Bianco's decision to the Superior Court. In its Pa.R.A.P. 1925(b) statement of issues complained of on appeal, the Commonwealth set forth a single issue:

> The Trial Court erred as a matter of law and abused its discretion in granting Defendant's Motion to Suppress when the Trial Court ruled that "the Affidavit did not provide probable cause for issuance of the Search Warrant ..." (See paragraph 10 of Order of Court dated 10/15/2019 and page 29 of the Opinion and Order of Court dated 10/15/2019).

Pa.R.A.P. Rule 1925(b) Statement, 12/9/2019, at 1.[2] In its subsequent brief filed with the Superior Court, the Commonwealth set forth two principal arguments. First, the Commonwealth argued that the trial court's original ruling to issue the warrant was correct, as the Affidavit contained sufficient probable cause because it was not necessary for the affiant to explain how he knew the identified phone number. In this regard, the Commonwealth further indicated that Price had no expectation of privacy in his cell phone number and it was significant that he may have communicated with his accomplices using his cell phone. As a result, the Commonwealth claimed that the "law of the case" doctrine prevented the same court from reversing its original ruling. *Commonwealth v. Price*, 244 A.3d 1250, 1253 (Pa. Super. 2020). Second, the Commonwealth contended that although the Affidavit inadvertently failed to include factual support to explain how the police officers had obtained the number for the phone found on Price's person, those

---

[1] Pa.R.A.P. 311(d) provides that "[i]n a criminal case, under the circumstances provided by law, the Commonwealth may take an appeal as of right from an order that does not end the entire case where the Commonwealth certifies in the notice of appeal that the order will terminate or substantially handicap the prosecution." Pa.R.A.P. 311(d).

[2] For his Rule 1925(a) opinion, Judge Bianco adopted (without modification) his Opinion and Order of Court dated October 15, 2019 deciding Price's Omnibus Pretrial Motion.

police officers indeed possessed that information at the time of issuance of the "allegedly deficient" warrant (namely, during a post-crime interview with Price). Accordingly, the Commonwealth argued that recovery of the phone records for Price's cell phone number was inevitable. *Id.*

The Superior Court rejected the Commonwealth's law of the case doctrine argument. That doctrine prevents a court in later stages of litigation from reversing the prior decisions of another judge in that court or by a higher court in an earlier phase of the case. *Id.* (citing *Commonwealth v. Gacobano*, 65 A.3d 416, 419 (Pa. Super. 2013)). Citing to this Court's decision in *Commonwealth v. Starr*, 664 A.2d 1326 (Pa. 1995), however, the Superior Court indicated that the law of the case doctrine does not prevent a judge from modifying his/her own rulings, as by its terms the doctrine only prevents a second judge from revisiting in the same case the decision of an appellate court or another judge of coordinate jurisdiction. *Price*, 244 A.3d at 1253. In the current case, Judge Bianco, as the judge who issued the warrant, was free to revisit that decision and grant the motion to suppress. *Id.*

With respect to the second issue, the Superior Court declined to rule on the Commonwealth's contention that the Affidavit sufficiently established probable cause.[3]

---

[3] The Superior Court did not delineate the contents of the Affidavit in question in this case. Rather than setting forth the text of the October 28, 2016 Affidavit at issue here, the court instead quoted in full the contents of a separate affidavit of probable cause contained in a later application dated May 5, 2017 for a search warrant seeking the phone that police seized from Price at the time of his arrest. *Price*, 244 A.3d at 1252. Unlike the Affidavit filed on October 28, 2016 for the phone records from Verizon Wireless, the May 5, 2017 affidavit quoted in the Superior Court's opinion contained the factual information conspicuously missing from the October 28, 2016 Affidavit for the Verizon Wireless phone records – including in particular that "[t]hrough the course of investigation, **specifically suspect interviews**, investigators learned PRICE'S phone number to be 724-762-3803 ... ." *Id.* (emphasis added).

Instead, the court indicated that "even if" the warrant application did not establish probable cause, the phone records obtained through the issuance of the warrant were "nonetheless admissible under the doctrine of inevitable discovery." *Id.* at 1254. Citing to this Court's decision in *Commonwealth v. Henderson*, 47 A.3d 797 (Pa. 2012), the court held that the Commonwealth established that because the police had in their possession at the time the Application was presented to the issuing court the information relevant to the existence of probable cause that was missing from the Affidavit (specifically, how the investigators had learned the number of Price's phone), a proper, second warrant application could have been filed and the phone records could thus have been appropriately seized. *Id.* The Superior Court held that although the Commonwealth had not referenced the inevitable discovery doctrine in its Rule 1925(b) statement, it constituted a "subsidiary issue to its probable cause issue" pursuant to Pa.R.A.P. 1925(b)(4)(v) and therefore was not waived pursuant to Pa.R.A.P. 1925(b)(4)(v). *Id.* at 1253 n.1.

### The Issue Presented

This Court granted discretionary review with respect to the following issue:

> Did the Superior Court err in reversing the order entered on October 15, 2019, at paragraph 10 thereof, relating to suppression of the search warrant issued on October 28, 2016, at 1:15 P.M., which search warrant failed to state probable cause within the four-corners of its affidavit, on the basis of inevitable discovery, inasmuch as inevitable discovery was outside of that raised in the concise statement pursuant to Pa.R.A.P. 1925 and, by so doing, the Superior Court went outside the four-corners of such search warrant's affidavit?

*Commonwealth v. Price*, 259 A.3d 888 (Pa. 2021) (per curiam). Our standard of review of a suppression ruling of a trial court is to determine whether the Commonwealth has

met its burden to establish by a preponderance of the evidence that the challenged evidence is admissible. *Commonwealth v. Ruey*, 892 A.2d 802, 807 (Pa. 2006); *Commonwealth v. DeWitt*, 608 A.2d 1030, 1031 (Pa. 1992). If there is no meaningful dispute of fact, our duty is to determine whether the suppression court properly applied the law to the facts of the case, keeping in mind that the conclusions of law of the suppression court are not binding on this Court. *Commonwealth v. Nester*, 709 A.2d 879, 881 (Pa. 1998). Moreover, in our construction of our appellate rules, pursuant to Pa.R.A.P. 107 we must, to the extent not inconsistent with any express provision of the appellate rules, construe them in consonance with the rules of statutory construction in the Statutory Construction Act, 1 Pa.C.S. §§ 1901-1991. *See, e.g.*, *Commonwealth v. Far*, 46 A.3d 709, 712-13 (Pa. 2012). The object of all interpretation is to ascertain and effectuate the intent of the drafters, a task that is best accomplished by considering the language of the provisions at issue. *Commonwealth v. Pressley*, 887 A.2d 220, 223 n.5 (Pa. 2005); 1 Pa.C.S. § 1921(a). We may consult the explanatory comments of the committee that worked on a rule. *Commonwealth v. Lockridge*, 810 A.2d 1191, 1195 (Pa. 2002).

### The Arguments of the Parties

Price argues that the Commonwealth failed to present the inevitable discovery issue "with any particularity" in its Rule 1925(b) statement, and that Pa.R.A.P. 1925(b)(4)(vii) specifically provides that "Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived." Price's Brief at 15. According to Price, Pa.R.A.P. 1925(b)(4)(ii) provides, in pertinent part, that the statement shall concisely identify each ruling or error that the appellant intends to challenge with

sufficient detail to identify all pertinent issues for the judge. *Id.* Moreover, the Comment to Pa.R.A.P. 1925 states that "[t]he paragraph explains that the Statement should be sufficiently specific to allow the judge to draft the opinion required under 1925(a)." *Id.*

Price insists that the Commonwealth's Rule 1925(b) statement was, at a minimum, too vague to alert Judge Bianco of the need to discuss the inevitable discovery issue in his written opinion. Specifically, the Commonwealth's Rule 1925(b) statement identified a challenge on a single issue, namely whether the Affidavit contained sufficient probable cause. *Id.* at 16. This recitation of the sole issue necessarily confined Judge Bianco's focus to the four corners of the Affidavit, which could not have alerted him to the separate and distinct issue of inevitable discovery. *Id.*

Conversely, the Commonwealth contends that this Court should affirm the Superior Court's reversal of the trial court's suppression ruling based upon the "right for any reason" doctrine. In this regard, the Commonwealth claims that Price has never denied that the Affidavit linked his cell phone to the murders. Commonwealth's Brief at 10. That the Affidavit did not explain how the police knew Price's cell phone number is irrelevant, as such an explanation is not required. *Id.* According to the Commonwealth, "a phone number, like an address, goes to particularity rather than probable cause," and accordingly Price's suppression claim failed to dispute the issuing authority's finding of probable cause. *Id.* If this Court declines to decide the appeal based upon the "right for any reason" doctrine, the Commonwealth recommends that the case be remanded to the Superior Court to decide the probable cause issue.

The Commonwealth also argues that the Superior Court's decision may be affirmed on the issue of inevitable discovery. The Commonwealth notes that it did raise and

preserve the inevitable discovery issue in the trial court. Commonwealth's Brief in Opposition of Defendant's Omnibus Pretrial Motions, 3/15/2019, at 28. Moreover, the Commonwealth claims that the information allegedly "missing" from the Affidavit was in fact not missing at all, as it was set forth in a later affidavit of probable cause, specifically the one filed on May 5, 2017 in connection with the application for a warrant seeking the phone that police seized from Price at the time of his arrest. According to the Commonwealth, the May 5, 2017 affidavit shows that the police had obtained the information in question before the October 28, 2016 Affidavit at issue here was filed with the trial court.

### Analysis

The purpose of a Rule 1925(b) statement is to facilitate appellate review and to provide the parties and the public with the legal basis for a judicial decision. *See, e.g.*, *Commonwealth v. Parrish*, 224 A.3d 682, 692 (Pa. 2020) (quoting *Commonwealth v. DeJesus*, 868 A.2d 379, 382 (Pa. 2005)). To this end, Rule 1925(b)(4)(ii) provides that the Rule 1925(b) statement "shall **concisely** identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) (emphasis added). Highlighting this need for conciseness, Rule 1925(b)(4)(iv) indicates that the Rule 1925(b) statement "should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv). On the other hand, the Rule 1925(b) statement cannot be "too concise," as it must properly specify the errors to be addressed on appeal. *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011), *appeal denied*, 613 Pa. 642 (Pa.); *Commonwealth v. Dowling*, 778 A.2d 683 (Pa. Super. 2001). As our Superior Court has indicated, "a [c]oncise [s]tatement

which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no [c]oncise [s]tatement at all." *Commonwealth v. Reeves*, 907 A.2d 1, 2 (Pa. Super. 2006), *appeal denied*, 919 A.2d 956 (Pa. 2007). Pursuant to Rule 1925(b)(5)(vii), "[i]ssues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived."

To ensure that a Rule 1925(b) statement is both concise but also sufficiently detailed to identify all of the issues desired to be raised on appeal, Rule 1925(b)(4)(v) provides that "[e]ach error identified in the Statement will be deemed to include every **subsidiary issue** that was raised in the trial court[.]" Pa.R.A.P. 1925(b)(4)(v) (emphasis added). As the explanatory note to this subsection of Rule 1925(b) explains, Rule 1925(b)(4)(v) was modeled after Rule 14(1) of the Rules of the Supreme Court of the United States, which addresses the contents of a petition for a writ of certiorari. Pa.R.A.P. 1925 Note. Rule 14(1) states in relevant part that "[t]he statement of any question presented is deemed to comprise every subsidiary issue fairly included therein." Sup. Ct. R. 14(1).

The text of these rules emphasizes that to be a "subsidiary issue," the unstated issue must be "included" within the stated issue. Whether the unstated issue is fairly "included" within the stated issue depends in substantial part upon the interrelationship between the two issues – i.e., whether resolution of the stated issue may depend, in whole or in part, upon the resolution of the unstated issue.[4] In other words, the question is

---

[4] In interpreting what constitutes a subsidiary issue under Rule 1925(b)(4)(c), the Commonwealth directs us to two prior decisions from this Court, *Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007), and *Commonwealth v. Rogers*, 250 A.3d 1209 (Pa. 2021). In *Laboy*, defendant's Rule 1925(b) statement was exceedingly brief but the trial

whether resolution of the two issues is sufficiently connected to each other such that the resolution of one may depend in some respect upon resolution of the other. This interrelationship typically occurs when the unstated issue is an element of, or important to, the broader stated issue. For example, in *Desher v. Southeastern Pennsylvania Transportation Authority*, 212 A.3d 1179 (Pa. Commw. 2019), *appeal denied*, 222 A.3d 1135 (Pa. 2020), a plaintiff filed a complaint against SEPTA under the Federal Employers' Liability Act (FELA), contending that SEPTA was negligent for failing to follow its Accident and Illness Prevention Program (AIPP), which required SEPTA to place automated external defibrillators in its facilities and train its employees on their use. *Id.* at 1183. The

---

court issued a Rule 1925(a) opinion resolving the claim on its merits. The Superior Court reversed, finding the claim waived due to its brevity. We reversed the Superior Court's decision, holding that it was fairly evident from context (including the trial transcript) that the sole legal issue was whether the defendant was vicariously liable for his co-defendant's actions. We stated that "the common pleas court readily apprehended Appellant's claim and addressed it in substantial detail." *Laboy*, 936 A.2d at 1060. In *Rogers*, we likewise held that the weight-of-the-evidence claim was "readily understandable from context" and that "the trial court had no difficulty apprehending the claim as set forth in the concise statement and addressing its substance." *Rogers*, 250 A.3d at 1224-25.

We decline to find that these cases provide any substantial guidance regarding the construction of Rule 1925(b)(4)(v). Neither case cites to the rule nor makes any attempt to define the term "subsidiary issue." Instead, the focus in these cases was on the question of whether the brevity of a Rule 1925(b) statement hinders or prevents meaningful appellate review in particular cases (thus requiring waiver). We note that in the present case, Judge Bianco apparently did not apprehend that the inevitable discovery doctrine was at issue, as he did not address it in his Rule 1925(a) opinion.

The Commonwealth also indicates that on two occasions this Court has cited to the inevitable discovery doctrine sua sponte. *Commonwealth v. Miller*, 724 A.2d 895, 900 n.5 (Pa. 1999); *Commonwealth v. Albrecht*, 720 A.2d 693, 702 n.11 (Pa. 1998). No issues relating to Rule 1925(b)(4)(v) were at issue in these cases, and on both occasions inevitable discovery was merely mentioned in footnotes as alternative support for this Court's textual rulings.

trial court ruled that the AIPP was not a "safety rule" that SEPTA had a duty to enforce under FELA. *Id.* at 1184. In his Rule 1925(b) statement, the plaintiff set forth a broad and general issue relating to SEPTA's negligence and then on appeal argued that the trial court had erred in concluding that the AIPP was not a safety rule. *Id.* SEPTA argued that because the plaintiff's Rule 1925(b) statement did not include the phrase "safety rule," the plaintiff had waived the issue on appeal. *Id.* at 1185. The Commonwealth Court disagreed, ruling that the issues of duty and breach as related to a "safety rule" are subsidiary issues to the broader issue of negligence. The specific issues related to the duty to provide a safe workplace were clearly included within the broader issue of the employer's alleged negligence generally.

Conversely, an unstated issue is not subsidiary when it is separate and distinct from the stated issue. In *Commonwealth v. Hernandez*, 242 A.3d 452, 2020 WL 6939662 (Pa. Super. 2020) (non-precedential decision), for example, Hernandez was convicted of sexual assault and the rape of an unconscious person. In his Rule 1925(b) statement, Hernandez raised a single issue, specifically the Commonwealth's failure to produce any evidence to prove the victim's lack of consent. In his appellate brief, however, he also raised new issues, including a challenge to his inability to use intoxication as a defense at trial. The Superior Court ruled that this effort to expand the issues raised during his appeal violated Rule 1925(b)(4)(v). The unstated intoxication issue was not included within his stated sufficiency challenge to the evidence relating to the victim's consent, but rather was a separate and distinct defense to the crimes with which he was charged. Because it was deemed not to be a subsidiary issue, it was waived pursuant to Rule 1925(b)(4)(vii) for purposes of appeal.

In the present case, the Commonwealth's Rule 1925(b) statement set forth a single stated issue, namely whether the trial court "erred as a matter of law and abused its discretion … [when it] ruled that the Affidavit did not provide probable cause for issuance of the Search Warrant." Pa.R.A.P. Rule 1925(b) Statement, 12/9/2019, at 1.[5] The Superior Court declined to decide this issue. Instead, that court held that "even if" the Affidavit lacked probable cause, the doctrine of inevitable discovery required reversal of the trial court's decision to suppress the phone records for the telephone number 724-762-3803 identified in the Affidavit.[6] Although the Commonwealth's Rule 1925(b)

---

[5] The Dissent criticizes our "refus[al] to look beyond the face of the Commonwealth's 1925(b) Statement," Dissenting Op. at 5 (Mundy, J.), and notes that this Court did so in *Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007) (per curiam), and *Commonwealth v. Rogers*, 250 A.3d 1209, 1222 (Pa. 2021). However, both cases are readily distinguishable in that each involved a Rule 1925 statement that mentioned the actual claim. *Rogers*, 250 A.3d at 1225 ("[W]e find that the brevity of Appellant's weight-of-the-evidence claim as set forth in his concise statement represents a good-faith attempt to comply with Rule 1925's concision requirement"); *id.* at 1224 (describing the statement in *Laboy* as "exceedingly brief in setting forth an evidentiary-sufficiency claim."). *See* supra note 4.

Looking beyond the face of the statement is permitted in some circumstances to determine if the statement adequately apprised the trial judge of the nature of the claim, as indicated by *Rogers* discussing the concision requirement. We do not interpret *Laboy* and *Rogers* to permit a court to address a claim that is simply not mentioned in the Rule 1925 statement.

[6] The Superior Court concluded that the Commonwealth "carried its burden" to establish that it would have inevitably discovered the evidence by lawful means, as the police had the evidence inadvertently omitted from the Affidavit which "would have enabled [it] to obtain a proper, second warrant." *Price*, 244 A.3d at 1254. The Superior Court cited to no evidence of record, however, to demonstrate that the Commonwealth ever even considered filing an application for a "proper, second warrant," thus leaving the "inevitability" of obtaining the evidence by this means highly questionable. In this regard, we note that in support of its contention that the Commonwealth had "carried its burden" on this issue, the Superior Court cited only to this Court's decision in *Commonwealth v.*

statement made no reference to the inevitable discovery doctrine, in a short footnote the Superior Court indicated that the inevitable discovery doctrine "is a subsidiary issue of its probable cause issue," citing to Rule 1925(b)(4)(v). *Price*, 244 A.3d at 1253 n.1. The Superior Court offered no support or legal analysis in support of this ruling. We must therefore determine whether an application of the inevitable discovery doctrine is "included" within the issue of the existence of sufficient probable cause to support the issuance of a warrant and is thus a subsidiary issue not waived on appeal.

It is hornbook constitutional law that evidence seized pursuant to a warrant that is not supported by probable cause violates the fundamental constitutional guarantees of Article I, Section 8 of the Pennsylvania Constitution[7] and will be suppressed pursuant to a straightforward application of the exclusionary rule. *See, e.g., Commonwealth v. Gordon*, 683 A.2d 253, 256 (Pa. 1996). The inevitable discovery doctrine is an exception to application of the exclusionary rule, and may be applied if the prosecution can establish by a preponderance of the evidence that the illegally obtained evidence ultimately or

---

*Henderson*, 47 A.3d 797 (Pa. 2020), a case involving application of the independent source doctrine, and in which the Commonwealth in fact filed a second application for a search warrant. *Id.* at 799.

[7] Article I, Section 8 of the Pennsylvania Constitution provides as follows:

Security from Searches and Seizures

Section 8. The people shall be secure in their persons, houses, papers and possessions from unreasonable searches and seizures, and no warrant to search any place or to seize any person or things shall issue without describing them as nearly as may be, nor without probable cause, supported by oath or affirmation subscribed to by the affiant.

PA. CONST. art. I, § 8.

inevitably would have been discovered by lawful means. *See, e.g., Commonwealth v. Melendez*, 676 A.2d 226, 230 (Pa. 1996); *Nix v. Williams*, 467 U.S. 431, 447 (1984) ("[W]hen ... the evidence in question would inevitably have been discovered without reference to the police error or misconduct, there is no nexus sufficient to provide a taint and the evidence is admissible."). "The purpose of the inevitable discovery rule is to block setting aside convictions that would have been obtained without police misconduct." *Commonwealth v. Gonzalez*, 979 A.2d 879, 890 (Pa. Super. 2009) (citing *Nix*, 467 U.S. at 444 n.4).

The inevitable discovery doctrine is not a subsidiary issue to a claim of adequate probable cause to support the issuance of a search warrant. This Court has repeatedly and without exception referred to the inevitable discovery doctrine as an **exception** to application of the exclusionary rule.[8] *See, e.g., Commonwealth v. Bishop*, 217 A.3d 833, 837 (Pa. 2019); *Commonwealth v. Shabazz*, 166 A.3d 278, 296 (Pa. 2017) (listing "attenuation, inevitable discovery, independent source, or some intervening act or event" as applicable exceptions); *Commonwealth v. Wiley*, 904 A.2d 905, 909 (Pa. 2006); *Commonwealth v. Wright*, 494 A.2d 354, 365 (Pa. 1996). The existence of adequate probable cause in the affidavit of probable cause and the inevitability of discovery of evidence by lawful means are **alternative** responses that the Commonwealth may assert in response to a suppression motion. These alternative responses, however, require

---

[8] The Commonwealth itself describes the inevitable discovery doctrine as an "exception" to the warrant requirement in its brief filed with this Court. Commonwealth's Brief at 24 n.5 (the four corners principle "does not apply when considering an **exception** to the warrant requirement, such as inevitable discovery") (emphasis added)); *see also* Commonwealth's Brief in Opposition of Defendant's Omnibus Pretrial Motions, 3/15/2019, at 28 ("An important and relevant doctrine to the present case is the inevitable discovery **exception** to the exclusionary rule.") (emphasis added)).

different arguments and evidentiary support, and one's success or failure does not in any respect depend upon the success or failure of the other. As such, these issues are entirely separate and distinct from each other.

The Commonwealth disagrees with this analysis, indicating that the doctrine of inevitable discovery is so closely linked to the issue of probable cause that it is appropriately referred to as "probable cause plus." Commonwealth's Brief at 25. To this end, the Commonwealth relies upon a line of federal circuit court decisions holding that an illegal search is not subject to suppression if at the time of the illegal search the prosecution had sufficient probable cause to obtain a warrant, albeit after the illegal entry. *See, e.g.*, *United States v. Christy*, 739 F.3d 534, 540 (10th Cir. 2014); *United States v. Brown*, 64 F.3d 1083, 1085 (7th Cir. 1995); *United States v. Souza*, 223 F.3d 1197 (10th Cir. 2000); *United States v. Whitehorn*, 829 F.2d 1225, 1231 (2d Cir. 1987). In these cases, federal courts have not suppressed evidence seized in violation of the Fourth Amendment where probable cause existed at the time of the illegal search that would ultimately have led to obtaining a warrant and thus "ultimately or inevitably would have been discovered by lawful means." *Nix*, 467 U.S. at 444.

The flaw in this response is that, as we have explained, the application of doctrines that would permit the introduction of evidence obtained by executing the search warrant has nothing to do with the specific claim raised by Price. Price alleged that "[t]he affidavit fails to state probable cause." Omnibus Pretrial Motion for Relief, 9/1/2017, ¶ 34. He specifically alleged that the warrant was therefore unlawfully issued under the federal and state constitutions. *Id.* ¶ 35. The Commonwealth's invocation of these doctrines would establish an independent basis to admit the evidence divorced from the issue of whether

the search warrant was supported by probable cause. Indeed, the *Souza* case cited by the Commonwealth stated that "the inevitable discovery exception does not apply in situations where the government's only argument is that it had probable cause for the search[.]" *Souza*, 223 F.3d at 1203. Moreover, the doctrine "may apply where, in addition to the existence of probable cause, the police had taken steps in an attempt to obtain a search warrant." Nothing prevented the Commonwealth from asserting that the search warrant sufficiently established probable cause and, in the alternative, that the evidence is not subject to suppression due to the applicability of the inevitable discovery doctrine. The Commonwealth's Rule 1925(b) statement thus should have separately raised the inevitable discovery doctrine to preserve it for appeal, and the Superior Court erred in ruling that inevitable discovery was a "subsidiary issue" under Pa.R.A.P. 1925(b)(4)(v).

Finally, we decline to address the Commonwealth's alternative argument that the Affidavit established probable cause. Instead, we remand for the Superior Court to address that issue in the first instance. Having concluded that the inevitable discovery issue was waived pursuant to Pa.R.A.P. 1925(b)(4)(vii), the order of the Superior Court is hereby vacated, and the matter is remanded to the Superior Court.

Chief Justice Todd and Justices Dougherty, Wecht and Brobson join the opinion.

Justice Mundy files a dissenting opinion.

The Late Chief Justice Baer did not participate in the decision of this matter.