**[J-27-2022] [MO: Donohue, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 18 WAP 2021
:
Appellee : Appeal from the Order of the
: Superior Court entered November
: 20, 2020 at No. 1734 WDA 2019,
v. : reversing the Order of the Indiana
: County Court of Common Pleas
: entered October 15, 2019 at No.
NATHANIAL RAY PRICE, : CP-32-CR-0001267-2016, and
: remanding.
Appellant :
: ARGUED: April 13, 2022

**DISSENTING OPINION**

**JUSTICE MUNDY**                                    **DECIDED: OCTOBER 19, 2022**

On October 26, 2016, victims Timothy Gardner and Jacqueline Brink were murdered in their home. The Pennsylvania State Police quickly identified Nathanial Price (Appellant), Justin Stevenson, and Isiah Scott as suspects in the murders. As part of their investigation, the State Police applied for a search warrant for Appellant's cell phone records. The Affidavit of Probable cause in support of the search warrant application stated, in relevant part, "[i]nvestigators learned [Appellant's] phone number, and he was later taken into custody. The phone number listed on this Search Warrant Application is 724-762-3802 and is the number that is associated to Nathaniel PRICE." Omnibus Pretrial Mot. for Relief, 9/1/17, Ex. D. The trial court issued the search warrant, and the State Police obtained the cell phone records. Appellant filed an Omnibus Pretrial Motion for Relief requesting, *inter alia*, the trial court suppress the records on the grounds that the Affidavit failed to state probable cause. In response, the Commonwealth argued, *inter*

*alia*, that even if the Affidavit lacked probable cause, the cell phone records should not be suppressed due to the inevitable discovery doctrine. Br. in Opp'n to Def.'s Omnibus Pretrial Mot., 3/15/19, at 30 ("the contents of such records should not be suppressed because such information was obtained via multiple lawful sources."). After a hearing, the trial court, who was also the issuing authority, suppressed the cell phone records, finding the Affidavit "did not provide the issuing authority with a substantial basis to conclude that probable cause existed" to obtain the records. Op. and Order of Ct., 10/15/19, at 29-30 (footnote omitted).

The Commonwealth filed an appeal of the trial court's suppression order pursuant to Pa.R.A.P. 311(d). In its Pa.R.A.P. 1925(b) statement of issues complained of on appeal, the Commonwealth set forth its issue as:

> The Trial Court erred as a matter of law and abused its discretion in granting Defendant's Motion to Suppress when the Trial Court ruled that "the Affidavit did not provide probable cause for issuance of the Search Warrant …" (See paragraph 10 of Order of Court dated 10/15/2019 and page 29 of the Opinion and Order of Court dated 10/15/2019).

Pa.R.A.P. 1925(b) Statement, 12/9/19, at 1. In its brief to the Superior Court, the Commonwealth argued, *inter alia*, that, even though the Affidavit inadvertently omitted information explaining how the police obtained Appellant's phone number, the police in fact possessed that information at the time of the issuance of the "allegedly deficient" warrant (namely a post-murder interview with Appellant). Thus, the Commonwealth argued that the recovery of Appellant's cell phone records was inevitable. *Commonwealth v. Price*, 244 A.3d 1250, 1253 (Pa. Super. 2020), *appeal granted*, 259 A.3d 888 (Pa. 2021) (per curiam). The Superior Court agreed, determining that, "even if" the Affidavit did not provide sufficient probable cause, Appellant's cell phone records were "nonetheless admissible under the doctrine of inevitable discovery." *Id.* at 1254. The court held that, even though the Commonwealth's 1925(b) statement did not specifically

mention the inevitable discovery doctrine, it constituted a "subsidiary issue to its probable cause issue" pursuant to Pa.R.A.P. 1925(b)(4)(v) and was, therefore, not waived. *Id.* at 1253 n.1.

This Court granted allocatur to address the following issue:

> Did the Superior Court err in reversing the order entered on October 15, 2019, at paragraph 10 thereof, relating to the suppression of the search warrant issued on October 28, 2016, at 1:15 P.M., which search warrant failed to state probable cause within the four-corners of its affidavit, on the basis of inevitable discovery, inasmuch as inevitable discovery was outside of that raised in the concise statement pursuant to Pa.R.A.P. 1925 and, by so doing, the Superior Court went outside the four-corners of such search warrant affidavit?

*Commonwealth v. Price,* 259 A.3d 888 (Pa. 2021) (per curiam). The Majority answers this question in the affirmative, determining that "[t]he Superior Court erred in ruling that inevitable discovery was a 'subsidiary issue' under Pa.R.A.P. 1925(b)(4)(4)." Maj. Op. at 18. As I believe the Commonwealth's 1925(b) Statement properly includes the inevitable discovery issue, I respectfully dissent.

If, after an appellant files a notice of appeal, a judge requires clarification of the errors complained of, the judge may direct the appellant to file a statement of matters complained of on appeal. Pa.R.A.P. 1925(b). The Rule 1925(b) statement shall "concisely identify each error that the appellant intends to assert with sufficient detail to identify the issue to be raised for the judge" but "should not be redundant or provide lengthy explanations as to any error." Pa.R.A.P. 1925(b)(ii), (iv). The purpose of a Rule 1925(b) statement is to "facilitate appellate review and to provide the parties and the public with the legal basis for a judicial decision." *Commonwealth v. Rogers*, 250 A.3d 1209, 1224 (Pa. 2021).

In *Rogers*, this Court addressed the Superior Court's finding that a defendant waived his weight of the evidence claim for lack of development in his Rule 1925(b) statement. *Id.* at 1222. In reviewing the defendant's claim that the Superior Court erred, we reviewed the defendant's post-sentence motion, where he set forth his weight of the evidence claim in detail. *Id.* We observed that the defendant's weight of the evidence claim was clear from the record and the trial court had no difficulty understanding the issue and addressed it in its opinion. *Id.* at 1225. Thus, we determined that the defendant's 1925(b) Statement was a good faith attempt to comply with the rule and did not prevent meaningful appellate review. *Id.* Accordingly, we concluded the Superior Court erred in finding the issue waived and remanded for the court to address the substance of the defendant's claim.

Likewise, in *Commonwealth v. Laboy*, 936 A.2d 1058 (Pa. 2007), this Court reversed the Superior Court's finding of waiver of a defendant's weight of the evidence claim. We held that the Superior Court should have substantively reviewed the issue as the evidentiary issue was relatively sparse, the case was relatively straightforward, and the trial court readily apprehended the defendant's claim and addressed it in substantial detail. *Laboy*, 936 A.2d at 1060. The factors the Court took into consideration were all outside of the text of the defendant's 1925(b) statement. *See also Commonwealth v. Smyser*, 195 A.3d 912, 916 (Pa. Super. 2018) (applying *Laboy* to an appellant's boiler

plate 1925(b) statement).[1,2]  Based on the Courts holdings in *Rogers* and *Laboy*, appellate courts have looked beyond the face of a 1925(b) statement in determining if an appellant has waived an issue.

Unlike in *Rogers* and *Laboy*, here the Majority refuses to look beyond the face of the Commonwealth's 1925(b) Statement.  Instead, the Majority quotes the Commonwealth's 1925(b) statement as raising a single issue of whether the trial court "erred as a matter of law and abused its discretion …. [when it] ruled that the Affidavit did not provide probable cause for issuance of the Search Warrant."  Maj. Op. at 14 (quoting Pa.R.A.P. Rule 1925(b) Statement, 12/9/19, at 1).  The Majority thus frames the issue as "whether an application of the inevitable discovery doctrine is 'included' within the issue of the existence of sufficient probable cause to support the issuance of a warrant and is thus a subsidiary issue not waived on appeal."  *Id.* at 15.  By framing the Commonwealth's issue so narrowly, the Majority interprets the Commonwealth's 1925(b) Statement as solely challenging the suppression court's probable cause finding.  When read as a whole, however, it is clear the Commonwealth was challenging the suppression court's grant of Defendant's motion to suppress generally and not solely the court's probable cause

---

[1]The Majority rejects the Commonwealth's reliance on *Rogers* and *Laboy* because neither case involved the interpretation of the definition of a subsidiary issue under Pa.R.A.P. 1925(b)(4)(v) and instead focused on the question of whether the brevity of an Appellant's 1925(b) statement hindered meaningful appellate review.  Maj. Op. at 12 n.4.  I respectfully disagree and find our holdings in those cases informative to our analysis of the case *sub judice*.  The core issue in all three cases is whether an appellant's 1925(b) statement was so deficient that it resulted in an issue being waived.  As such, it is appropriate for the Court to consider similar factors.

[2] While the trial courts in *Rogers* and *Laboy* addressed the respective defendant's weight of the evidence claim in their 1925(a) opinions, the trial court's decision to address or not address an issue in its 1925(a) opinion is not determinative of the question of waiver.  *See Commonwealth v. Parrish*, 224 A.3d 682, 700 (Pa. 2020) ("[T]he mere fact that a court has authored an opinion addressing potential appellate issues does not excuse an appellant from complying with Pa.R.A.P. 1925(b).").

determination.  *See* Pa.R.A.P. Rule 1925(b) Statement, 12/9/19, at 1 ("The Trial Court erred as a matter of law and abused its discretion **in granting Defendant's Motion to Suppress** when the Trial Court ruled that 'the Affidavit did not provide probable cause for issuance of the Search Warrant . . .'") (emphasis added).

In its brief filed in opposition to Appellant's suppression motion, the Commonwealth argued the inevitable discovery doctrine applied to Appellant's cell phone records.  It argued that even if the suppression court found that probable cause for the search warrant was lacking, the court should not suppress the records because they "would have inevitably been recovered from both the Defendant's physical phone and the cell phone records of Codefendant-2 recovered via valid search warrant."  Br. in Opp'n to Def.'s Omnibus Pretrial Mot., 3/15/2019, at 30.  In front of the suppression court, the Commonwealth further argued that the records should not be suppressed because they were "obtained via multiple lawful sources."  *Id.*  As the Commonwealth raised the inevitable discovery issue in front of the suppression court, the court was aware of the Commonwealth's position that the court should have denied Appellant's motion to suppress on that basis.  Therefore, when the Commonwealth filed its notice of appeal, the suppression court was on notice that the inevitable discovery question was a potential issue.  When taking this background into consideration, the Commonwealth's 1925(b) Statement constituted a "good-faith attempt to comply with Rule 1925's concision requirement, and that it did not prevent meaningful appellate review." *Rogers*, 250 A.3d at 1225. The Superior Court therefore correctly addressed the substance of the Commonwealth's inevitable discovery argument.

In a concurring opinion in *Rogers,* I expressed concern that "[i]f the question of waiver is going to be a subjective one where appellate courts look beyond the face of an appellant's Rule 1925(b) statement and consider other parts of the record . . . then the

bright line waiver rules we set out in [prior cases] are unnecessary and unfair." *Id.* at 1226-27 (Mundy, J., concurring). I suggested that we should set out an objective standard for when appellate courts should look beyond the face of a Rule 1925(b) statement when determining waiver. *Id.* at 1227. The Majority's focus on only part of the Commonwealth's 1925(b) statement and failure to look at the record as a whole in the case *sub judice* is the type of situation I was concerned of in *Rogers.* The failure of the Court to set out specific objective standards for when it will look beyond the face of a 1925(b) statement creates unpredictability in the appellate process. An appellant will be unable to determine if they complied with the rule until the appellate court makes its determination, by which time it will be too late for the appellant to correct any omissions. Further, the apparent arbitrariness of the Court's decision of whether or not to look beyond the face of a Rule 1925(b) statement breeds a sense of unfairness in the appellate process, with the Court granting some appellants this consideration while denying it to others, in this case the Commonwealth, without explanation. In my view, if the Court is willing to look beyond the face of a 1925(b) statement in some instances, we should do so in every case. As the Majority does not grant the Commonwealth the same consideration it granted the defendant in *Rogers*, I respectfully dissent.