J. S41026/16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :       PENNSYLVANIA
                               :
            v.                 :
                               :
PAUL DEPAOLI                   :
       Appellant               :
                               :  No. 1720 EDA 2015

Appeal from the Judgment of Sentence February 19, 2015
In the Court of Common Pleas of Monroe County
Criminal Division No(s): CP-45-CR-0001772-2013

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                               :       PENNSYLVANIA
                               :
            v.                 :
                               :
PAUL DEPAOLI                   :
       Appellant               :
                               :  No. 1721 EDA 2015

Appeal from the Judgment of Sentence February 19, 2015
In the Court of Common Pleas of Monroe County
Criminal Division No(s): CP-45-CR-0001773-2013

BEFORE: BENDER, P.J.E., DUBOW, J., and STEVENS, P.J.E. [*]

JUDGMENT ORDER BY DUBOW, J.:              **FILED AUGUST 31, 2016**

In this consolidated appeal, Appellant, Paul DePaoli, appeals from two

Judgments of Sentence entered on February 19, 2015, in the Court of

Common Pleas of Monroe County following his convictions of Rape of a Child[1]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3121(c).

and related offenses. After careful review, we remand and order the trial court to file an amended Pa.R.A.P. 1925(a) Opinion within sixty (60) days.

On October 23, 2015, after a consolidated trial, a jury found Appellant guilty of numerous sexually based offenses regarding two minor victims. On February 19, 2015, after a hearing, the trial court found Appellant to be a Sexually Violent Predator ("SVP") and sentenced Appellant to an aggregate term of 23¼ to 48 years' incarceration.[2]

After the denial of his Post-Sentence Motion, Appellant filed a timely Notice of Appeal on June 12, 2015. On July 6, 2015, Appellant filed a timely Rule 1925(b) Statement, which raised eleven distinct issues spanning two pages.

On September 4, 2015, the trial court filed a Rule 1925(a) Opinion that only addressed the seven issues listed on the first page of Appellant's Rule 1925(b) Statement. The trial court failed to address any of the issues listed on the second page of the Rule 1925(b) Statement, including:

> h. Failing to instruct the jury in regards to the *mens rea* and *actus reus* issues relating to the voluntariness of the contract between Defendant and RD in the shower;
>
> i. Finding [Appellant] to be a SVP;

---

[2] The trial court sentenced Appellant to an aggregate term of 11½ to 24 years' incarceration for the docket concerning victim M.K. and an aggregate term of 11¾ to 24 years' incarceration for the docket concerning victim R.D. The trial court ordered the sentences to be served consecutively.

> j. Sentencing [Appellant] in excess of the "mandatory minimum", though the [trial court] correctly found that such "mandatories" are Constitutionally infirm;
>
> k. Finding that the jury's verdict was against the weight of the evidence[.]

Appellant's Pa.R.A.P. 1925(b) Statement at 2.

Without a complete Rule 1925(a) Opinion, this Court is unable to conduct meaningful appellate review and remand is the appropriate remedy. *See Commonwealth v. DeJesus*, 868 A.2d 379, 383 (Pa. 2005) (case remanded to the trial court for the issuance of an adequate opinion); *see also* Pa.R.A.P. 1925. "[I]n any case where the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal, the net result is the same: the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the matter." *DeJesus*, 868 A.2d at 383.

Based on the foregoing, we remand this matter to the trial court for issuance of an amended Opinion in accordance with Pa.R.A.P. 1925(a). The amended Rule 1925(a) Opinion shall address the four issues of trial court error that Appellant raised in his Rule 1925(b) Statement and addressed in his brief, specifically issues "h." through "k." *See* Appellant's Pa.R.A.P. 1925(b) Statement at 2. The trial court is to file the amended Rule 1925(a) Opinion within sixty (60) days of the date of this Judgment Order.

Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/31/2016