J-S15017-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF VERA GAZAK, DECEASED | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| APPEAL OF: F. RICHARD GAZAK | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 1215 EDA 2017 |

Appeal from the Order Entered March 10, 2017
In the Court of Common Pleas of Philadelphia County Orphans' Court at
No(s):  488DE of 2015

BEFORE:  STABILE, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED APRIL 24, 2018**

Appellant, F. Richard Gazak, appeals from the Order entered March 10, 2017 in the Philadelphia County Court of Common Pleas Orphans' Court granting the Petition to remove F. Richard Gazak as Administrator C.T.A. of the Estate of Vera Gazak, Deceased.  For the reasons set forth below, we remand and order the orphans' court to file a Pa.R.A.P. 1925(a) Opinion within forty-five days.

Following a hearing on March 7, 2017, the orphan's court granted the Petition to Remove Appellant as administrator of the Estate of Vera Gazak. Appellant timely appealed and filed a timely court-ordered Pa.R.A.P. 1925(b) statement.  On May 23, 2017, this Court ordered Appellant to file a docketing statement in compliance with Pa.R.A.P. 3517, due June 2, 2017.  On June 6, 2017, the court filed a Pa.R.A.P. 1925(a) opinion in which it opined that the appeal should be quashed based upon Appellant's failure to file a docketing

statement pursuant to this Court's Order. The orphans' court did not address Appellant's issues. This Court received Appellant's docketing statement on June 20, 2017 and accepted it as filed.

This Court has explained "in any case where the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal, the net result is the same: the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the matter." **A.V. v. S.T.**, 87 A.3d 818, 823 (Pa. Super. 2014), citing **Commonwealth v. DeJesus**, 868 A.2d 379, 383 (Pa. 2005). **See also McKeeman v. Corestates Bank, N.A.**, 751 A.2d 655, 658 n. 2 (Pa. Super. 2000) (stating principles enunciated in criminal context regarding rules of appellate procedure are applicable in civil cases).

Without a Rule 1925(a) Opinion, this Court is unable to conduct meaningful appellate review and remand is the appropriate remedy. **See DeJesus**, 868 A.2d at 383-84 (case remanded to the trial court for the issuance of an adequate Rule 1925(a) opinion).

Accordingly, we remand this matter to the orphans' court for issuance of an Opinion addressing Appellant's issues in accordance with Rule 1925(a). The orphans' court is to file its Rule 1925(a) Opinion within forty-five days of the date of this Judgment Order.

Case remanded with instructions. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/24/18