J-S22020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ROBERT ANTHONY KOLOVICH | : | |
| | : | |
| Appellant | : | No. 1077 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 4, 2018
In the Court of Common Pleas of York County Criminal Division at No(s):
CP-67-CR-0007618-2014

BEFORE: SHOGAN, J., DUBOW, J., and PELLEGRINI*, J.

JUDGMENT ORDER BY DUBOW, J.:                    **FILED AUGUST 09, 2019**

Appellant, Robert Anthony Kolovich, appeals from the Judgment of Sentence entered in the York County Court of Common Pleas following his convictions of Theft by Deception and Theft by Failure to Dispose of Required Funds.[1] After careful review, we remand for the trial court to file a Pa.R.A.P. 1925(a) Opinion within sixty (60) days.

On April 4, 2018, a bench trial was held in which the trial court found Appellant guilty of Theft by Deception and Theft by Failure to Dispose of Required Funds. On June 4, 2018, the court sentenced Appellant to, *inter alia*, time-served to 23 months' incarceration, followed by three years' probation.[2] Appellant did not file a post-sentence motion.

---

[1] 18 Pa.C.S. § 3922(a)(1) and 18 Pa.C.S. § 4107(a)(6), respectively.

[2] For sentencing purposes, the trial court merged the Theft by Failure to Dispose of Required Funds conviction with the Theft by Deception conviction.

---

\* Retired Senior Judge assigned to the Superior Court.

Appellant timely filed a Notice of Appeal. In his Pa.R.A.P. 1925(b) Statement ordered by the trial court, Appellant raised two issues: (1) the evidence was insufficient to sustain the Theft by Failure to Dispose of Required Funds conviction; and (2) the evidence was insufficient to sustain the Theft by Deception conviction. Regarding his Theft by Deception conviction, Appellant specifically argued that the Commonwealth did not prove that he intentionally obtained or withheld property of another by deception through a false statement or impression. On October 11, 2018, the trial court filed a "Statement of Lower Court Pursuant to Rule 1925(a)" ("1925(a) Statement"), stating that "[t]he reasons for the Judgment of Sentence imposed upon Appellant can be found in the court's announcement of the verdict," and directing this Court to three pages of the Notes of Testimony.

On appeal, Appellant has withdrawn his claim related to his Theft by Failure to Dispose of Required Funds conviction. He raises only one issue on appeal: that the evidence was insufficient to sustain his Theft by Deception conviction because he did not receive or withhold any money through false statements. Appellant's Br. at 4.

Pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), "upon receipt of the notice of appeal, the judge who entered the order giving rise to the notice of appeal, if the reasons for the order do not already appear of record, shall forthwith file of record at least a brief opinion of the reasons for the order, . . . or shall specify in writing the place in the record where such reasons may be found." The purpose of Rule 1925(a) is to facilitate appellate

review of a particular trial court order and provide the disputing parties, as well as the public at large, the legal basis for the trial court's judicial decision. **Commonwealth v. DeJesus**, 868 A.2d 379, 383 (Pa. 2005).

Without a complete Rule 1925(a) Opinion, this Court is unable to conduct meaningful appellate review and remand is the appropriate remedy. **See id.** (case remanded to the trial court for the issuance of an adequate opinion). "[I]n any case where the trial court fails to prepare an opinion that addresses the issues upon which it passed and which are raised by a party on appeal, the net result is the same: the appellate court is deprived of explication and guidance on those issues from the judicial entity most familiar with the matter." **Id.**

Here, in lieu of explication, the trial court directed this Court to review pages 61-63 of the Notes of Testimony for its reasoning. However, those pages provide only three sentences to support its finding that Appellant was guilty of Theft by Deception beyond a reasonable doubt, none of which address the specific issue raised, *i.e.*, the lack of evidence showing he intentionally obtained or withheld property through false statements. N.T. Hearing, 4/4/2018, at 61-62. Thus, the trial court's 1925(a) Statement deprives this Court of its guidance on the issue raised on appeal from the judicial entity most familiar with the matter. **DeJesus**, 868 A.2d at 383.

Based on the foregoing, we remand this matter to the trial court for issuance of an Opinion in accordance with Pa.R.A.P. 1925(a). The Opinion shall address the sufficiency issue raised in Appellant's Rule 1925(b) Statement

- 3 -

with respect to the evidence supporting the elements of Theft by Deception through false statements or impressions in this particular case. Appellant's Pa.R.A.P. 1925(b) Statement at 2; *see generally* Appellant's Br. The trial court is to file the Rule 1925(a) Opinion within sixty (60) days of the date of this Judgment Order.

Case remanded with instructions. Jurisdiction retained.