IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Taking in Eminent Domain   :
of Certain Parcel of Real Estate   :
located at 401-403 East Fourth   :
Street and 405 East Fourth Street,   :
in the City of Bethlehem,   :
Northampton County, Pennsylvania   :
by the Redevelopment Authority of   :
the City of Bethlehem, Pennsylvania   :
  :   No. 1313 C.D. 2021
Appeal of: Kalavathi Shunmugam   :   Submitted: July 22, 2022


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
  HONORABLE ANNE E. COVEY, Judge
  HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY       FILED: October 20, 2022

Kalavathi Shunmugam (Appellant) appeals from the Northampton County Common Pleas Court's (trial court) October 27, 2021 orders denying Appellant's Motion to Strike (Motion to Strike) the Redevelopment Authority of the City of Bethlehem's (Appellee) Petition to Pay Estimated Compensation (Petition) and Writ of Possession (Writ), and granting Appellee's Petition and Writ. Appellant presents one issue for this Court's review: whether the trial court erred by denying Appellant's Motion to Strike. After review, this Court affirms.

**Background**

Appellant is the record owner of property located at 401-403 East Fourth Street and 405 East Fourth Street in Bethlehem, Northampton County, Pennsylvania (Property). On June 16, 2021, pursuant to Section 302 of the Eminent

Domain Code,[1] Appellee filed a Declaration of Taking concerning the blighted Property.[2] Also on June 16, 2021, Appellee filed the memorandum of the book and page number in which the notice is recorded, as required by Section 304(b)(4) of the Eminent Domain Code.[3] On September 13, 2021, Appellee filed an Affidavit of Service on Appellant, pursuant to Section 305 of the Eminent Domain Code.[4]

On August 5, 2021, Appellant's counsel[5] sent Appellee's counsel a letter, apparently memorializing a preliminary settlement agreement between the parties, wherein he stated that Appellant would not file preliminary objections to the Declaration of Taking if a settlement could be reached (Letter Agreement). *See* Reproduced Record (R.R.) at 9b-10b.[6] On August 7, 2021, Appellee's counsel responded to the Letter Agreement with a revision stating that the required documents package was due within 45 days.[7] *See* R.R. at 14b. On September 22, 2021, Appellee's counsel notified Appellant's counsel that the documents package failed to meet the Letter Agreement's requirements. *See* R.R. at 16b.

On September 28, 2021, Appellee filed the Petition and Writ, and requested the matter be placed on the trial court's miscellaneous hearing list for

---

[1] 26 Pa.C.S. § 302.

[2] Appellee proceeded under Section 205 of the Eminent Domain Code, 26 Pa.C.S. § 205 (relating to blighted properties).

[3] 26 Pa.C.S. § 304(b)(4).

[4] 26 Pa.C.S. § 305.

[5] Appellant has new counsel and is no longer represented by the attorney who drafted the August 5, 2021 letter.

[6] Pennsylvania Rule of Appellate Procedure 2173 requires a reproduced record to "be numbered . . . in Arabic figures . . . followed in the reproduced record by a small a . . . ." Pa.R.A.P. 2173. Appellant included the small a in numbering the first 3 pages of her Reproduced Record, but included a small b in numbering the next 17 pages, a small c in numbering the next 16 pages, and a small d in numbering the last 3 pages. Thus, for consistency, references to specific Reproduced Record pages herein shall be as labeled by Appellant.

[7] In the response cover letter, Appellee's counsel stated that he "assume[d] the omission was an oversight." R.R. at 12b. Thus, Appellee's counsel indicated that the parties previously agreed upon the revision.

October 27, 2021. On October 27, 2021, Appellant filed the Motion to Strike. The trial court held the hearing on October 27, 2021, after which it denied the Motion to Strike and granted the Petition and Writ. On November 24, 2021, Appellant appealed to this Court.[8] On that same date, Appellant filed a Statement of Errors Complained of on Appeal pursuant to Pennsylvania Rule of Appellate Procedure (Rule) 1925(b) (Rule 1925(b) Statement).[9] On December 3, 2021, the trial court filed its opinion pursuant to Rule 1925(a) (Rule 1925(a) Opinion).

Before setting forth its reasoning in its Rule 1925(a) Opinion, the trial court raised two waiver issues: (1) the Rule 1925(b) Statement asserted that the trial court erred in denying the Motion to Strike and granting the Petition and Writ, but did not specify the error; and (2) Appellant did not file preliminary objections to the Declaration of Taking. Notwithstanding its determination that Appellant waived her only issue on appeal, the trial court addressed the merits of Appellant's claim of error.

## Discussion

**Waiver**

Preliminarily, concerning the vagueness of Appellant's Rule 1925(b) Statement, the Pennsylvania Supreme Court has recently explained:

> [I]t bears noting that the purpose of Rule 1925 is to facilitate appellate review and to provide the parties and the public with the legal basis for a judicial decision. *See*

---

[8] In an appeal from an eminent domain proceeding, this Court reviews the trial court's record to "determine whether the lower court abused its discretion or committed an error of law or whether the findings of fact were supported by substantial evidence." *Szabo v. Dep't of Transp.*, 202 A.3d 52, 58 (Pa. 2019).

[9] Appellant specified only one issue in her Rule 1925(b) Statement: "The trial court erred in denying Appellant's Motion to Strike . . . made by Appellant in response to the Petition[ and Writ] filed by [] Appellee and therefore also erred in considering and granting [] Appellee's Petition [and Writ]." Appellant's Rule 1925(b) Statement.

*Commonwealth v. Parrish*, . . . 224 A.3d 682, 692 ([Pa.] 2020) (quoting *Commonwealth v. DeJesus*, . . . 868 A.2d 379, 382 ([Pa.] 2005)). If that basis is evident from the record, the trial court need not issue an opinion explaining it. *See* Pa.R.A.P. 1925(a) (requiring an opinion only where "the reasons for the order [appealed from] do not already appear of record"). The function of the concise statement is to clarify for the judge who issued the order the grounds on which the aggrieved party seeks appellate review - so as to facilitate the writing of the opinion. *See* Pa.R.A.P. 1925(b) ("**If the judge entering the order giving rise to the notice of appeal** . . . **desires clarification of the errors complained of on appeal**, **the judge may enter an order directing the appellant to file of record** . . . **a concise statement of the errors complained of on appeal**[.]").

In *Commonwealth v. Laboy*, . . . 936 A.2d 1058 ([Pa.] 2007) (*per curiam*), this Court faced a situation comparable to the present controversy. The defendant's Rule 1925(b) [S]tatement was exceedingly brief in setting forth an evidentiary-sufficiency claim. Nevertheless, **the common pleas court issued a Rule 1925(a) [O]pinion resolving the claim on its merits**. The Superior Court found the claim waived due to its brevity and did not address its merits. [Our Supreme] Court held that **the Superior Court should have afforded the requested sufficiency review**, as the trial transcript was short, it was fairly evident from context that the sole legal issue was whether the defendant was vicariously liable for his co-defendant's actions, and "the common pleas court readily apprehended [the a]ppellant's claim and addressed it in substantial detail." *Id*. at . . . 1060.

*Commonwealth v. Rogers*, 250 A.3d 1209, 1224 (Pa. 2021) (emphasis added). The *Rogers* Court concluded: "[T]he brevity of [the a]ppellant's . . . claim as set forth in his concise statement represent[ed] a good-faith attempt to comply with Rule 1925[(b)]'s concision requirement, and that it did not prevent meaningful appellate review." *Id*. at 1225.

Here, the trial court did not order Appellant to file a Rule 1925(b) Statement. Rather, Appellant filed it contemporaneously with her Notice of Appeal.

4

Further, the trial court transcript was short and it was fairly evident from its context that the sole legal issue was whether the trial court should have denied the Motion to Strike in light of the Letter Agreement. Moreover, the trial court was able to, and did address, Appellant's claim. Accordingly, Appellant did not waive her appellate issue by failing to specify the trial court's error in her Rule 1925(b) Statement.

Relative to Appellant's failure to file preliminary objections, Section 306 of the Eminent Domain Code provides, in relevant part:

> **(a) Filing and exclusive method of challenging certain matters.--**
>
>> (1) Within 30 days after being served with notice of condemnation, the condemnee may file preliminary objections to the declaration of taking.
>>
>> (2) The court upon cause shown may extend the time for filing preliminary objections.
>>
>> (3) Preliminary objections shall be limited to and shall be the exclusive method of challenging:
>>
>>> (i) The power or right of the condemnor to appropriate the condemned property unless it has been previously adjudicated.
>>>
>>> (ii) The sufficiency of the security.
>>>
>>> (iii) The declaration of taking.
>>>
>>> (iv) Any other procedure followed by the condemnor.
>
> **(b) Waiver.--**Failure to raise by preliminary objections the issues listed in subsection (a) shall constitute a waiver. Issues of compensation may not be raised by preliminary objections.

26 Pa.C.S. § 306. Here, Appellant is not challenging any of the matters listed in Section 306(a) of the Eminent Domain Code. Rather, Appellant argues that the Motion to Strike should have been granted in light of the Letter Agreement.

5

Accordingly, Appellant did not waive her appellate issue by failing to file preliminary objections.

**Merits**

Appellant argues on appeal to this Court that the trial court erred as a matter of law by denying Appellant's Motion to Strike where Appellee agreed to enter into negotiations with Appellant toward a final and binding settlement agreement, and Appellee filed its Petition and Writ rather than enter into the agreed-upon negotiations. Appellee rejoins that although Appellee's counsel, at the request of Appellant's first attorney, agreed to give Appellant one last chance to provide a detailed proposal to eliminate the Property's blight, Appellant's forthcoming proposal did not meet the Letter Agreement's requirements. Appellee maintains that the Letter Agreement was not an agreement to negotiate anything but, rather, was dictated solely by Appellee, as the sole judge of the content, quality, sincerity, and acceptability of Appellant's proposal.

Initially, in the Motion to Strike, Appellant averred, in relevant part:

8. Based on the understanding that **the parties would negotiate a final settlement agreement within approximately 45 days**, [Appellant] began assembling the estimates and documents she believed necessary to enter into a final settlement agreement.

9. As a show of good faith, prior to completing a final settlement agreement, [**Appellant**] **provided the documents** to [Appellee] to show that [Appellant] was making progress on the steps **that** [**she**] **was anticipated would be required in any final settlement agreement**.

10. The documents provided by [Appellant] include[d] an engineering report, estimate to make the repairs, and proof that the needed funds had been set aside is [sic] a separate account by [Appellant].

6

11. The letters between the parties clearly indicate that **these documents were anticipated to be required by the final agreement not part of the preliminary settlement agreement**.

12. Upon receipt of **the documents**, even though they **were not yet required** because no final settlement agreement had been reached, [Appellee] declared the documents insufficient, filed the [Petition and Writ], refused to continue to negotiate with [Appellant], and ordered its agents and employees not to talk to [Appellant]. . . .

R.R. at 1b-2b (emphasis added). However, a review of the relevant documents belies Appellant's claims in her Motion to Strike.

The Letter Agreement provided:

PRELIMINARY SETTLEMENT AGREEMENT

1) [Appellant] will waive all preliminary objections that she has against the Declaration of Taking docketed at C-48-CV-2021-04285 in [the trial court].

2) [Appellant] agrees to waive any increase in value in the [P]roperty if she defaults on the Final and Binding Settlement Agreement, and hereby agrees that the valuation of the Property will not include any increase in value due to the efforts of [Appellant] from the time of Condemnation to the perfection of the [Appellee's] title in the Property. Valuation of the Property shall be as of [June ] 16[,] 2021.

3) The parties anticipate entering into a Final and Binding Settlement Agreement within approximately 45 days.

4) [**Appellee**] **and** [**Appellant**] **agree to enter into a** [**F**]**inal and** [**B**]**inding** [**S**]**ettlement Agreement upon the following material terms**:

    a. [**Appellant**] **provides proof of funds** for the completion of the Project (as later defined)[.]

    b. [**Appellant**] **deposits said funds into an escrow account** for the completion of the Project, before any work proceeds.

7

c. [**Appellant**] **and/or her general contractor obtain a Bond** for the Project.

d. The Project will be completed in a proposed reasonable time period approved by the [Appellee].

e. The Project will be defined as all items of repair necessary to bring the Property into a code-compliant status with the City of Bethlehem regardless of [sic] said code items are for the purposes of blight or the purposes of a Certificate of Occupancy.

f. [Appellee] will not relinquish the Taking or the Blight Certification until a Certificate of Occupancy is granted by the City of Bethlehem, in [its] sole and absolute discretion, in accordance with applicable municipal laws.

g. [Appellant] will have one or more reputable appraisers of her choice view, evaluate and take pictures of the [P]roperty on or before one month from the date of this letter so that they can issue an appraisal of fair market value as of the date of [the T]aking in the event the valuation of the [P]roperty becomes relevant.

h. **Such other terms and conditions as [Appellee] shall deem appropriate to ensure [Appellant] will complete the required rehabilitation in order to obtain a [C]ertificate of [O]ccupancy**.

5) This Agreement is being entered into between and is the recommendation of counsel, subject to the approval of [Appellee's] Board at a public meeting.

R.R. at 9b-10b (emphasis added).

On August 7, 2021, Appellee included the following additional provision to paragraph 3 of the Letter Agreement:

3) **The parties anticipate entering into a Final and Binding Settlement Agreement within approximately 45 days . . . of [Appellant] submitting to [Appellee]**

8

**their** [sic] **Proposed Document Package** to include but not limited to the Construction Contract (to include timelines), performance bond, escrow account details, structural engineer reports and other reports requested in the [C]ity of Bethlehem inspection notes of August 4, 2021, financial disclosures and such other reasonable information that maybe requested. **Said package to be submitted within 45 days of the date of this letter**.

R.R. at 13b-14b (emphasis added). According to Appellee's September 22, 2021 correspondence to Appellant's counsel, the documents package failed to satisfy the Letter Agreement's requirements by not including, but not limited to, Appellant's personal financial information and the Property's mortgage balance. *See* R.R. at 16b. Further, although Appellee's counsel requested that Appellant's counsel call him, there is nothing in the record indicating that Appellant's counsel did so. *See id.* Because the Letter Agreement expressly required that certain documents be submitted within 45 days, it was up to Appellee to determine what it deemed appropriate to ensure Appellant would complete the required rehabilitation in order to obtain a certificate of occupancy, and because Appellant failed to submit the required documents, the Letter Agreement was no longer binding.

The law is well settled:

Section 307(a)(1)(i) of the Eminent Domain Code provides:

> The condemnor, after the expiration of the time for filing preliminary objections by the condemnee to the declaration of taking, **shall be entitled to possession or right of entry upon payment** of or a written offer to pay **to the condemnee** [of] **the amount of just compensation as estimated by the condemnor**.

26 Pa.C.S. § 307(a)(1)(i) (emphasis added). Concerning the authority of a trial court to set aside a condemnor's declaration of estimated just compensation, this Court has explained:

9

> Only fraud or palpable bad faith in making the declaration, described by clear averments of facts in the condemnee's pleading and thereafter proved by clear, precise[,] and indubitable evidence will justify the employment by the trial court of the powers we now hold they possess to set aside the condemnor's declaration, to appoint an impartial appraiser[,] and to enter judgment in favor of the condemnee.
>
> *In re Condemnation by City of Phila. of Leasehold of Airportels, Inc.*, . . . 398 A.2d 224, 229 ([Pa. Cmwlth.] 1979).

*Trinidad v. Dep't of Transp.*, 273 A.3d 85, 94 (Pa. Cmwlth. 2022); *see also In re Phoenixville Area Sch. Dist.* (Pa. Cmwlth. No. 1659 C.D. 2014, filed May 28, 2015),[10] slip op. at 8 ("[A] trial court can only refuse to issue a writ of possession if the condemnee proves by clear and convincing evidence that the condemnor acted with fraud or palpable bad faith in making payment of or offering estimated just compensation.").

Here, the trial court opined:

> [Appellant's] Motion to Strike does not allege fraud and/or palpable bad faith on the part of [Appellee,] and the record contains no "clear, precise[,] and indubitable" evidence that [Appellee] acted fraudulently or in bad faith. In fact, [Appellant] specifically declined to introduce evidence at the October 27, 2021 hearing. At that hearing, despite repeated inquiries by the [trial c]ourt, counsel for both parties stated there was no need for an evidentiary hearing. *See* [R.R. at 6c-7c, 11c-12c]. Thus, no evidence was introduced at the October 27, 2021 hearing[,] and no other "clear, precise[,] and indubitable evidence" of record establishes fraud or palpable bad faith by [Appellee].

---

[10] Unreported decisions of this Court issued after January 15, 2008, may be cited as persuasive authority pursuant to Section 414(a) of this Court's Internal Operating Procedures. 210 Pa. Code § 69.414(a).

Trial Ct. Rule 1925(a) Op. at 5-6.  This Court discerns no error in the trial court's reasoning.  Accordingly, the trial court properly denied the Motion to Strike, and granted the Petition and Writ.

## Conclusion

For all of the above reasons, the trial court's orders are affirmed.


_____
ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

In Re: Taking in Eminent Domain : 
of Certain Parcel of Real Estate : 
located at 401-403 East Fourth : 
Street and 405 East Fourth Street, : 
in the City of Bethlehem, : 
Northampton County, Pennsylvania : 
by the Redevelopment Authority of : 
the City of Bethlehem, Pennsylvania : 
: No. 1313 C.D. 2021
Appeal of: Kalavathi Shunmugam :

## O R D E R

AND NOW, this 20th day of October, 2022, the Northampton County Common Pleas Court's October 27, 2021 orders are affirmed.

_____
ANNE E. COVEY, Judge