J-S30022-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| DEFILIPPO BROS. D/B/A MOTORCARS AUTO SALES AND PREMIUM AUTO ACCEPTANCE GROUP | : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | : : : : : | |
| v. | : : | |
| | : | No. 412 EDA 2025 |
| CLIFTONLARSONALLEN | : : | |

Appeal from the Order Entered January 8, 2025
In the Court of Common Pleas of Chester County Civil Division at No(s):
2022-08581-PL

BEFORE:   OLSON, J., MURRAY, J., and FORD ELLIOTT, P.J.E.*

MEMORANDUM BY MURRAY, J.:                    **FILED SEPTEMBER 11, 2025**

DeFilippo Bros., d/b/a Motorcars Auto Sales and Premium Auto Acceptance Group (Appellant) appeals from the trial court's order entering summary judgment against Appellant, and in favor of CliftonLarsonAllen (CLA), an accounting firm, in this action alleging CLA's accounting malpractice and breach of contract.  In granting summary judgment, the trial court determined that Appellant's claims are time-barred.  After careful review, we affirm.

The trial court summarized the history underlying this appeal as follows:

[Appellant] brought this action for accounting malpractice and breach of contract by filing a complaint [against CLA] on October 28, 2022.   The operative complaint is the fourth amended

_____

* Retired Senior Judge assigned to the Superior Court.

complaint filed August 21, 2023 (Complaint). [Appellant], an automobile retailer, wholesaler and financier, set forth counts for professional negligence, breach of contract, negligent misrepresentation, unjust enrichment, and common law negligence, and claims to have suffered damages exceeding $100 million dollars. [CLA] answered the Complaint and filed new matter on November 3, 2023. [Appellant] replied to new matter on December 12, 2023, closing the pleadings. [Subsequently, d]iscovery [] closed and the parties have exchanged expert reports.

Trial Court Opinion (Summary Judgment), 1/8/25, at 1-2.

On November 1, 2024, CLA filed a motion for summary judgment. Appellant filed a memorandum of law opposing CLA's summary judgment motion. The trial court summarized the basis for CLA's motion as follows:

[CLA] contends the parties' professional relationship began as early as 2011, although [Appellant] maintains it began in December 2016.[1] According to the Complaint, [CLA] served as "actuarial consultants" and "prepared actuarial valuations and accounting of [Appellant's] business in accordance with generally accepted accounting standards pursuant to State and Federal Regulations." Complaint, [¶] 4. [CLA] contends that preparation of actuarial valuations is a service that does not exist within the accounting profession, and that [CLA] is an accounting firm and does not offer or provide actuarial services to its clients.

[Appellant] alleges that [CLA's] "persistent errors and failure to act in accordance with its professional responsibilities" began "when [CLA was] initially employed in December 2016" and continued "through the [Internal Revenue Service (IRS)] audit decision of June 2020." Complaint, ¶ 12. [Appellant] complains that [CLA] was negligent in using improper auditing and accounting procedures, in creating a situation that caused an IRS

---

[1] [Appellant] makes this claim even though its expert references two engagement letters with [CLA], one dated December 20, 2013, and the other dated December 19, 2016.

audit, and in failing to accurately defend their work product before the IRS.

The final engagement letter entered by the parties was dated and signed by [CLA] on December 19, 2016, and signed by [Appellant's] vice-president on March 15, 2017 (2016 Engagement Letter).[2]  The 2016 Engagement Letter provided for [CLA] to audit [Appellant's] financial statements for the December 31, 2016, fiscal year and to provide non-audit services consisting of the preparation of financial statements and related notes, depreciation schedules, and adjusting journal entries.

*Id.* at 2-3 (paragraph formatting modified; footnotes in original).

Relevantly,

[b]y letter dated December 29, 2016, the IRS informed [Appellant] that its 2014 year-end tax return had been selected for examination.[3]  [Appellant] retained a tax-experienced lawyer and provided that lawyer with a power of attorney to permit him to represent [Appellant] before the IRS.

Beginning in 2017 and continuing through 2020, the IRS provided [Appellant] with a series of deficiency and other notices.  The IRS also issued a series of summonses that required [Appellant's] appearance and/or the production of business records as part of the investigation.  [Appellant] has conceded that it had no expectation that [CLA] would participate in the IRS examination. [**Appellant**] **represents that the IRS issued its audit**

_____

[2] [CLA] represents the parties signed a new engagement letter annually that set forth the parties' rights and obligations.

[3] Although not referenced by [Appellant], the November 19, 2014, engagement letter provided for [CLA] to audit [Appellant's] financial statements for the December 31, 2014, fiscal year and to provide non[-]audit services consisting of the preparation of financial statements and related notes, depreciation schedules, and adjusting journal entries.

**decision in June 2020 and its final assessment in June 2022.**[4]

**Pursuant to the terms of their engagement, [CLA] issued its audit of [Appellant's] 2014 and 2015 financial statements on January 6, 2017. These were the final audit reports issued.**

On December 14, 2017, [CLA] informed [Appellant] that initial audit procedures for year-end 2016 were delayed due to [Appellant's] failure to pay [CLA's] invoices for professional services rendered.

Because [Appellant] failed to arrange for payment, [CLA] never delivered an audit report for year-end 2016. On March 27, 2018, [CLA] confirmed in writing its termination of [Appellant] as a client due to non-payment of fees. **On March 29, 2018, [CLA] completed its final billable task on [Appellant's] behalf.**

**On June 28, 2018, Matt DeFilippo (Mr. DeFilippo), one of [Appellant's] officers, texted [CLA] as follows:**

> [Mr. DeFilippo]: My attorney is asking to put your insurer on notice[.] Please forward your policy[.] I am filing a complaint against your licenses with the state[.]
>
> [CLA]: For what?
>
> [Mr. DeFilippo]: IRS says your discounts are wrong cough up a check for $800,000 you don't want to justify your audit[,] you will be sued in a court of law by [my attorneys.]

[Summary Judgment Motion], Exh. U[ (paragraph formatting modified)]. Thereafter, the parties had no contact until [CLA] was served with this suit, which was initiated on October 28, 2022.

_____

[4] [Appellant] has not provided the [trial] court with a copy of the audit decision or final assessment.

- 4 -

*Id.* at 3-5 (emphasis added; footnotes 2, 3 and 4 in original; footnote 5 omitted).

By an opinion and order filed on January 8, 2025, the trial court granted CLA's motion for summary judgment. Specifically, the trial court concluded that Appellant's causes of action are barred by the applicable statutes of limitations. *Id.* at 12. In so holding, the trial court emphasized that the parties' 2016 Engagement Letter, the only engagement letter referenced in the complaint, included a time limitation for filing suit. *Id.* at 7. The limitation clause required any action to be filed within 24 months of delivery of CLA's final audit report,

> regardless of whether [CLA] do[es] other services for you [Appellant] relating to the audit report, or you shall be forever barred from commencing a lawsuit or obtaining any legal or equitable relief or recovery.
>
> The Limitation Period applies and begins to run even if you have not suffered any damage or loss, or have not become aware of the existence or possible existence of a Dispute.

*Id.* at 8 (quoting Summary Judgment Motion, Exh. M). The trial court observed that Appellant had "fail[ed] to develop any argument in support of its challenges to the validity of" the limitations clause in the 2016 Engagement Letter. *Id.* at 9.

The trial court further concluded that the discovery rule[5] did not toll the limitations period until the IRS's final audit assessment (June 2022). *Id.* at 10. Specifically, the trial court observed that (a) Appellant admitted the IRS began its audit in 2017; (b) the IRS provided deficiency notices to Appellant in 2017, 2018, 2019, and 2020; and (c) Mr. DeFilippo threatened to sue CLA in a 2018 text. *Id.* at 11. The trial court observed that Appellant did not address these issues, and "only made the bare statement that it was unaware that [CLA] was at fault until the IRS issued the June 2022 assessment." *Id.* at 11-12.

Appellant timely appealed the grant of summary judgment. On January 30, 2025, the trial court issued an order directing Appellant to file a Pa.R.A.P. 1925(b) concise statement of matters complained of on appeal. Appellant timely filed a concise statement. Pertinently, Appellant's concise statement provided as follows:

> As [Appellant] cannot readily discern the basis for the judge's decision[s], this statement shall identify the errors in general terms:

_____

[5] As the trial court correctly observed,

> [w]hen the Discovery Rule is asserted, [t]he statute [of limitations] begins to run … when the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need[s to] investigate to determine whether he is entitled to redress….

*Id.* at 11 (citation and quotation marks omitted).

- 6 -

1.      The court, on January 8, 2025, erred by abusing its discretion in granting [CLA's] Motion for Summary Judgment and dismissing [Appellant's] Complaint[,] usurping [Appellant's] right to a trial[,] as [Appellant] had sufficiently provided a factual basis for claims of Professional Negligence, Negligence and Breach of Contract.

2.      The court's dismissal was unreasonable, grossly excessive, unrepresentative of the pleadings and not based upon the law.

3.      The court's dismissal was unreasonable, grossly excessive, and unrepresentative of the pleadings, not based upon the law and was inconsistent and contrary to the courts (*sic*) previous rulings in this matter.

Concise Statement, 2/13/25, at 1 (capitalization modified).

On February 24, 2025, the trial court filed its Pa.R.A.P. 1925(a) opinion. The trial court opined that Appellant's boilerplate concise statement failed to preserve any issues for appellate review. Trial Court Opinion (Rule 1925), 2/24/25, at 4-5.

In Appellant's late-filed appellate brief, it identifies the following issue for our review:

Whether the lower court abused its discretion by granting [CLA's] Motion for Summary Judgment on the Pleadings and dismissing Appellant's Complaint with prejudice[?]

Appellant's Brief at 2. Although Appellant raised this one issue in its statement of questions involved, it identifies several claims in the argument section of its brief.

In its argument, Appellant claims the limitations clause in the 2016 Engagement Letter should not apply because CLA had "a much higher

bargaining position," and "[t]his is impossible to comply[.]"[6]  *Id.* at 4.

Appellant also argues that the discovery rule applies to extend the limitations

period, because "[t]here is nothing in the IRS audit notice that suggests

wrongdoing" prior to its final assessment.  *Id.* at 6.  Appellant further claims

the trial court improperly failed to take judicial notice that an IRS audit notice

"does not mean some malfeasance occurred."  *Id.*  In addition, Appellant

asserts that the trial court improperly made a credibility decision when it

disbelieved Appellant's claim it was unaware of CLA's negligence.  *Id.* at 6-7.

Initially, we point out that in an appellate brief, the statement of

questions involved

> must state concisely the issues to be resolved, expressed in the
> terms and circumstances of the case but without unnecessary
> detail.  The statement will be deemed to include every subsidiary
> question fairly comprised therein.  **No question will be
> considered unless it is stated in the statement of questions
> involved or is fairly suggested thereby.**

Pa.R.A.P. 2116(a) (emphasis added).  "This rule is to be considered in the

highest degree mandatory, admitting of no exception; ordinarily no point will

be considered which is not set forth in the statement of questions involved or

suggested thereby."  ***Wirth v. Commonwealth***, 95 A.3d 822, 858 (Pa. 2014)

(citation omitted).  In accordance with the clear language of Rule 2116(a), we

_____

[6] Appellant cites no supporting case law.

could deem Appellant's claims waived based upon its deficient brief. ***See id.***
However, we decline to do so.

We next consider whether Appellant's Pa.R.A.P. 1925(b) concise
statement preserved any issues for appellate review. Where, as here, the trial
court has issued an order under Pa.R.A.P. 1925, the appellant must file a
statement that identifies each ruling or error that the appellant intends to
challenge on appeal. Pa.R.A.P. 1925(b)(4)(ii).

> The purpose of a Rule 1925(b) statement is to facilitate appellate
> review and to provide the parties and the public with the legal
> basis for a judicial decision. ***See, e.g., Commonwealth v.***
> ***Parrish***, … 224 A.3d 682, 692 (Pa. 2020) (quoting
> ***Commonwealth v. DeJesus***, … 868 A.2d 379, 382 (Pa. 2005)).
> To this end, Rule 1925(b)(4)(ii) provides that the Rule 1925(b)
> statement "shall concisely identify each error that the appellant
> intends to assert with sufficient detail to identify the issue to be
> raised for the judge." Pa.R.A.P. 1925(b)(4)(ii) []. Highlighting
> this need for conciseness, Rule 1925(b)(4)(iv) indicates that the
> Rule 1925(b) statement "should not be redundant or provide
> lengthy explanations as to any error." Pa.R.A.P. 1925(b)(4)(iv).
> … As [the Pennsylvania] Superior Court has indicated, "a [c]oncise
> [s]tatement which is too vague to allow the court to identify the
> issues raised on appeal is the functional equivalent of no [c]oncise
> [s]tatement at all." ***Commonwealth v. Reeves***, 907 A.2d 1, 2
> (Pa. Super. 2006)…. Pursuant to Rule 1925(b)(5)(vii), "[i]ssues
> not included in the Statement and/or not raised in accordance with
> the provisions of this paragraph (b)(4) are waived."

***Commonwealth v. Price***, 284 A.3d 165, 170 (Pa. 2022) (emphasis omitted).

Here, the trial court concluded that Appellant waived all claims based
upon its boilerplate, vague, and deficient concise statement. Trial Court
Opinion (Rule 1925), 2/24/25, at 5. The trial court opined that

> [Appellant's] claimed errors [in its concise statement] are vague
> and meaningless. [Appellant] fails to challenge the court's factual

- 9 -

findings based on the summary judgment record concerning the language of the [2016] Engagement Letter, the IRS audit, or [Appellant's] officer's text[,] all of which led to the conclusion that [Appellant] had commenced this action after the statute of limitations had expired. [Appellant] did not in any way advise the court as to how it had erred in the application of the law. For all of these reasons, it is respectfully suggested that [Appellant] has failed to preserve any issue for appeal and the appeal should be quashed.

Trial Court Opinion (Rule 1925), 2/24/25, at 5 (capitalization modified). Appellant does not address the trial court's conclusion in its appellate brief.

Our review discloses that in its concise statement, Appellant implicitly invoked Pa.R.A.P. 1925(b)(4)(vi), by stating, "As [Appellant] cannot readily discern the basis for the judge's decision[s], this statement shall identify the errors in general terms[.]" Concise Statement, 2/13/25, at 1. Rule 1925(b)(4)(vi) provides as follows:

If the appellant in a civil case cannot readily discern the basis for the judge's decision, the appellant shall preface the Statement with an explanation as to why the Statement has identified the errors in only general terms. In such a case, the generality of the Statement will not be grounds for finding waiver.

Pa.R.A.P. 1925(b)(4)(vi). However, the mere invocation of Rule 1925(b)(4)(vi) does not render a vague concise statement acceptable as a matter of law.

In **Williams v. FemmePharma Consumer Healthcare**, 333 A.3d 16, 2285 EDA 2023 (Pa. Super. 2024) (unpublished memorandum),[7] the Plaintiff in the underlying civil action argued that her failure to include an issue in her concise statement did not constitute waiver based on Rule 1925(b)(4)(vi):

> Plaintiff argue[d] that her failure to include this issue in her Rule 1925(b) statement does not constitute waiver because Rule 1925(b) provides that "generality of the [Rule 1925(b)] Statement will not be grounds for finding waiver" where "the appellant in a civil case cannot readily discern the basis for the judge's decision" and the appellant "preface[s] the [Rule 1925(b)] Statement with an explanation as to why the Statement has identified the errors in only general terms." Pa.R.A.P. 1925(b)(4)(vi). This contention is without merit. Although Plaintiff did state in her Rule 1925(b) statement that the trial court's … decision embodies reasoning that[,] on several issues[,] may be too vague and not discernable to allow accurate framing for appeal, her characterization of the trial court's … decision is inaccurate. **Contrary to Plaintiff's assertion, the decision set forth the trial court's findings, reasoning, and conclusions in detail and was sufficiently clear and specific to enable Plaintiff to discern the basis for the trial court's rejection of her claims against Defendants and to determine what claims of error she intended to argue on appeal.** Rule 1925(b)(4)(vi) therefore has no applicability to Plaintiff's challenges to the trial court's … decision and cannot excuse her failure to specifically raise this claim of error.

**Williams**, 333 A.3d 16 (unpublished memorandum at 14-15) (emphasis added; citations and internal quotation marks omitted). We find our reasoning in **Williams** persuasive to the circumstances herein presented.

---

[7] **See** Pa.R.A.P. 126(b) (recognizing that unpublished non-precedential memoranda decision of Superior Court, filed after May 1, 2019, may be cited for their persuasive value).

As set forth *supra*, the trial court's January 8, 2025, opinion comprehensively summarized the record and detailed the trial court's legal reasoning and conclusions. The trial court concluded that the limitations clause in the parties' 2016 Engagement Letter required that any action against CLA be filed within 24 months of its final report, which Appellant failed to do. Trial Court Opinion (Summary Judgment), 1/8/25, at 8.[8] The trial court further concluded that Appellant failed to establish that the discovery rule tolled the limitations period. **See id.** at 11 (emphasizing uncontradicted evidence that Appellant admitted the audit began in 2017; the IRS issued deficiency notices from 2017 through 2020; and in 2018, Appellant's representative threatened to sue CLA based on CLA's allegedly deficient performance).

The trial court's January 8, 2025, opinion was sufficiently clear and specific to enable Appellant to discern the bases for the court's grant of summary judgment in favor of CLA. For this reason, we conclude that Appellant's boilerplate Pa.R.A.P. 1925(b) concise statement failed to preserve any issue for appellate review. Accordingly, we affirm the trial court's order granting summary judgment in favor of CLA.

Order affirmed.

---

[8] **See also** Trial Court Opinion (Summary Judgment), 1/8/25, at 9 (stating that Appellant "fail[ed] to develop any argument in support of its challenges to the validity of" the limitations clause in the parties' engagement letter).

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: <u>9/11/2025</u>